FRUGÉ, Judge.
This is an unemployment compensation case. Plaintiff was employed by Davidson Sash & Door, Inc. for a period of approximately six years. During the last four of those years he worked as a truck driver. One night he was arrested for driving a motor vehicle while under the influence of intoxicating beverages. At the time of the arrest plaintiff was driving his personal automobile and was in no way engaged in the business of his employer. Subsequently he was convicted of the offense charged and his chauffeur’s license was suspended. As-a result of the suspension of plaintiff’s-chauffeur’s license, plaintiff’s employer discharged him because he could no longer legally perform his duties as a truck driver. Plaintiff thereafter filed a claim for unemployment compensation benefits. The Board of Review of the Division of Employment Security denied plaintiff’s claim on the grounds that plaintiff had been discharged from his job for misconduct connected with his employment. Plaintiff appealed the Board’s decision to the District Court. From a judgment of the District Court upholding the decision of the Board, plaintiff" appeals to this court.
The sole question before us is whether plaintiff’s discharge under the above stated circumstances is, as a matter of law, misconduct connected with his employment,, thereby denying plaintiff his right to unemployment compensation benefits.
An individual is disqualified for unemployment compensation benefits if he has-been discharged for misconduct connected; with his employment. LSA-R.S. 23:1601 (2). The word “connected” in this statute-has recently been defined by our brothers in; the Second Circuit in the case of Smith v. Brown, La.App., 147 So.2d 452. In that case-the court stated that, “‘[Cjonnected’, as-used in the legislative act, was intended to-make a distinction between misconduct with reference to an individual’s private-life and misconduct arising during and related to his employment.” 147 So.2d at page-453. (Emphasis added).
We can find no reason for excluding the-case before us from the principle set forth in Smith v. Brown, supra. In the case-before us the plaintiff was unable to perform his job because of the suspension of his chauffeur’s license. However, the suspension of this license was related to conduct with reference to plaintiff’s private life while he was not on duty for his employer. Although such conduct may have-been a valid grounds for terminating plaintiff in the eyes of his employer, it was notr. *375 a valid grounds for the Board of Review to deny plaintiff unemployment compensation benefits.
For the foregoing reasons, we find that the plaintiff is entitled to unemployment compensation benefits. The judgment of the District Court is therefore annulled and set aside and the case is remanded to the Board of Review of the Division of Employment Security for further proceedings in accordance with this decision.
Reversed and remanded.
On Application for Rehearing.
En Banc. Rehearing denied.