171 So.2d 653

**George W. GRIMBLE**

v.

**Richard E. BROWN, Jr., Administrator, etc., et al.**

**No. 47338.**

Jan. 18, 1965.

Rehearing Denied Feb. 23, 1965.

Marion Weimer, Melvin L. Bellar, James A. Piper, Baton Rouge, for applicant.

Thomas J. Meunier, Dodd, Hirsch, Barker & Meunier, New Orleans, for amicus curiae. C. O. Brown, Alexandria, for respondent.

McCALEB, Justice.

Plaintiff, having been discharged by his employer, Davidson Sash & Door, Inc., is

seeking unemployment compensation benefits under the Louisiana Employment Security Law, R.S. 23:1471, et seq. The reason for plaintiff's discharge was his inability to perform his duties as a truck driver for the company due to the loss of his driver's license following his conviction for operating a vehicle while intoxicated, in violation of Section 98 of the Criminal Code (R.S. 14:98).

Both the local office of the Division of Unemployment Security and its Board of Review denied unemployment compensation, finding that plaintiff was disqualified under R.S. 23:1601(2) by reason of his discharge for misconduct connected with his employment.

After a review in the District Court, the ruling of the administrative body was affirmed, the judge resolving: " * * * the claimant voluntarily got himself into an intoxicated condition while it was foreseeable that he might thereby forfeit his right to operate motor vehicles and consequently be unable to continue in his employment. It was this willful jeopardizing of his ability to carry out the duties of his job which had a direct connection with the employment and which, under any reasonable view of the matter, constituted misconduct connected with the employment."

Plaintiff then appealed to the Court of Appeal, Third Circuit, where the judgment was reversed. That court deduced that, since plaintiff's offense of drunken driving, which culminated in his conviction and the loss of his driver's license, occurred during off-duty hours while plaintiff was driving his own car, the misconduct related exclusively to his private life and, therefore, was not connected with his employment within the intendment of R.S. 23:1601(2). See Grimble v. Brown, 163 So.2d 373. In reaching this conclusion, the court relied heavily upon the decision of the Second Circuit Court of Appeal in Smith v. Brown, 147 So.2d 452.

On application of the Administrator of the Division of Employment Security, we granted certiorari and the matter has been submitted for our determination.

Counsel for the Administrator contend that this case is distinguishable from Smith v. Brown, supra, and another case, Alton Smith v. Brown, decided about a month before the instant case by the Third Circuit Court of Appeal (see 162 So.2d 179). They argue that the misconduct in the instant case (drunken driving), which disqualified plaintiff from performing the duties of his job as a truck driver, was causally related to his employment as it was a foreseeable act evidencing a wanton or wilful disregard of his employer's interests, as ·distinguished from certain acts of mis-

conduct which relate solely to the employees' private lives—i. e., a parent's intentional failure to support his child (Smith v. Brown) or the carrying of concealed weapons (Alton Smith v. Brown) [1]—and bear only remotely to the employment—i. e., involuntary jail confinement which prevents the employees from reporting for work.

▬▬▬ While we find ourselves in full agreement with the observations of the district judge, which are quoted above, we do not think that it is either essential or proper to attempt a differentiation between this matter and the two Smith v. Brown cases. For, in our judgment, the decisions in the Smith cases (the correctness of which were not questioned by the Administrator on application for rehearings) are clearly erroneous.

In Horns v. Brown, 243 La. 936, 148 So. 2d 607, this Court, in considering whether an employee who "permitted" garnishments against his wages in violation of his employer's policy was disqualified from receiving unemployment compensation " * * * for misconduct connected with his employment * * * ", cited approvingly the statement in 48 Am.Jur. Verbo Social Security, Unemployment Insurance, etc., Section 38, page 541, of the interpretation enunciated by the tribunals of other jurisdictions of this provision of the law, as follows:

"Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or *wilful disregard of the employer's interest*, a deliberate violation of the employer's rules, *a disregard of standards of behavior which the employer has the right to expect of his employee*, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, *or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. * * * "* (Emphasis ours).

Since it can hardly be gainsaid that the commission of an act constituting a criminal offense (drunken driving) is misconduct, it is only necessary to determine whether the act was perpetrated in connection with plaintiff's employment in order to disqualify him from receiving benefits. The Court of Appeal, relying on the Smith case, reasoned that an act of misconduct committed in off-duty personal activity had no connection with the employment. This ratiocination

1. The opinion in Alton Smith v. Brown, 162 So.2d 179 does not reveal the offense for which the claimant was convicted and incarcerated in jail. However, the brief of counsel for the Administrator informs us that the criminal offense of the claimant was "Illegal carrying of weapons" and we accept this statement as accurate.

is tenuous because it necessarily results in the conclusion that the act of misconduct must occur during working hours or in the course of the employment, whereas R.S. 23:1601(2) declares merely that the misconduct be connected with the employment. This, we think, is a phrase of broader scope—comprehensive enough to include any act of misconduct which renders the employee ineligible to perform the tasks of his employment, as in this case, or unable to report for work and perform the duties of his employment for any unseasonable length of time by reason of his confinement in jail, as in the two Smith v. Brown cases. It will not do to say that, because an act of misconduct relates to the "private life" of the employee, it is essentially not connected with his employment for in these cases the question for determination must always be whether the result of the misconduct has adversely affected the employee's ability and capacity to perform his duties in an appreciable degree. If it has, then it follows that it is contrary to the employer's interest and in " * * * disregard of standards of behavior which the employer has the right to expect of his employee * * * ". Thus, by this criterion alone there is nexus.

For the reasons assigned, the judgment of the Court of Appeal is reversed and that of the district court is reinstated and affirmed.

171 So.2d 656