414 So.2d 876 (1982)
SOUTH CENTRAL BELL TELEPHONE COMPANY
v.
Herbert SUMRALL, et al.
No. 12889.
Court of Appeal of Louisiana, Fourth Circuit.
May 11, 1982.
Rehearing Denied June 18, 1982.
Stephen D. Ridley, Steven Hymowitz, Christopher P. Charlton, McCalla, Thompson, Pyburn & Ridley, New Orleans, for defendant-appellant.
Thomas L. Giraud, Robert M. Loev, Giraud, Cusimano, Verderame & Loev, New Orleans, for defendants-appellees.
Before BARRY, WARD and WILLIAMS, JJ.
*877 WILLIAMS, Judge.
This is an appeal from a judgment by the trial court upholding a decision by the Louisiana Board of Review that awarded unemployment benefits to a discharged employee of the plaintiff South Central Bell Telephone Co. ["Bell"].
John E. Boe was employed by Bell as an assistant cable splicer. When he was hired by Bell he was required to read a booklet entitled "A Professional Responsibility." This booklet outlined, among other things, Bell's policy toward employees who "engage in the illegal use, possession or sale of drugs, whether occurring on Company time or during off-duty hours..." Violation of this Company policy subjects the employee to disciplinary action, and possible dismissal. After reading the booklet, Boe signed an acknowledgment that he had read and understood it. This acknowledgment also contained the following provision:
"I fully realize the necessity of protecting our company's reputation; preserving the privacy of communications; safeguarding proprietary and classified national security information; properly handling company funds, property and records, guarding against espionage and sabotage; and adhering to the company's drug policy."
On May 31, 1979, Boe was arrested and charged with possession of cocaine, marijuana, and Diazepam (Valium) with intent to distribute. Bell conducted an investigation into the incident and subsequently discharged Boe on the ground of employmentrelated misconduct.
Boe applied for unemployment benefits but was denied them because of his discharge for employment-related misconduct. La.R.S. 23:1601(2). The Agency Adjudicator and Appeals Referee both concluded that Boe's discharge properly was based on misconduct connected with employment. The Board of Review reversed this decision. The Board based its decision on the fact that the misconduct in question occurred while Boe was off-duty and not on company premises. This decision was appealed by Bell to the district court where it was upheld. Bell has now appealed to this court.
La.R.S. 23:1601(2) provides:
"If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment [sic]. Such disqualification shall continue until such time as the claimant (a) can demonstrate that he has been paid wages for work subject to the Louisiana Employment Security Law or to the employment insurance laws of any other state or of the United States equivalent to at least ten times his weekly benefit amount subsequent to a claim for a compensable week for unemployment benefits under this Act and (b) has not left his last work under disqualifying circumstances. A compensable week is defined as a week for which benefits would otherwise be payable except for the disqualification imposed by this Paragraph or by the provisions of R.S. 23:1600(4). In addition, if the administrator finds that such misconduct has impaired the right, damaged or misappropriated the property of, or has damaged the reputation of a base period employer, then the wage credits earned by the individual with the employer shall be cancelled and no benefits shall be paid on the basis of wages paid to the individual by such employer."
Boe does not contend that Bell was without authority to terminate his employment. He does claim that his misconduct was not related to employment, and he should be entitled to unemployment compensation.
The law in Louisiana is clear that there must be a relationship between the misconduct and the employment in order to deny a discharged employee unemployment benefits. E.g., Johnson v. Board of Comm'rs., 348 So.2d 1289, 1291 (La.App. 4th Cir. 1977).
Boe has argued that misconduct occurring off-duty and not on the employer's premises is not a basis for denial of unemployment benefits unless the misconduct renders the discharged employee unable to perform his duties. Our attention has been directed specifically to the decisions in *878 Grimble v. Brown, 247 La. 376, 171 So.2d 653 (1965) cert. den. 382 U.S. 861, 86 S.Ct. 123, 15 L.Ed.2d 99 and Jackson v. Doyal, 198 So.2d 469 (La.App. 2d Cir. 1967). These cases do involve discharged employees unable to perform their duties because of their off-duty misconduct. The cases do not hold, however, as Boe contends, that only off-duty misconduct rendering an employee unable to perform is sufficient for a denial of unemployment compensation.
In Johnson v. Board of Comm'rs, an off-duty patrolman for the Port of New Orleans was discharged for carrying concealed weapons, which was in violation of Port rules. The patrolman was denied unemployment compensation on the ground that he "violated the regulations concerning his conduct to the detriment of his employer and its duty to the citizens of the state." Id. at 1292.
The facts of the instant case are similar to those presented by Johnson v. Board of Comm'rs. The claimant was discharged for violation of a company policy. Although a worker for the telephone company may not necessarily be as sensitive a position as that of a patrolman, that worker nevertheless does work for a public utility and is charged with serving the public. The rule against drug possession and usage promulgated by Bell was reasonable in light of the duty with which a public utility is charged. We, therefore, find that the misconduct perpetrated by Boe was related to his employment. Boe should be denied any unemployment compensation pursuant to La.R.S. 23:1601(2).
For the foregoing reasons, the decision of the trial court is reversed.
REVERSED.