STOKER, Judge.
Allen Moore was discharged from his job as a maintenance repairman at Louisiana State University on September 27, 1984, based on his conviction of a felony committed while he was on leave without pay during the preceding summer. He was denied unemployment benefits by the Office of Employment Security. The denial was affirmed by an appeals referee and a board of review. Moore then filed suit in the district court, which reversed the board of review and granted Moore unemployment benefits. LSU appeals.
The issue on appeal is whether the circumstances leading to Moore’s discharge constitute disqualifying misconduct under LSA-R.S. 23:1601, which provides:
“An individual shall be disqualified for benefits:
* * * * * *
“(2) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment.”
*994 The commission of this crime was clearly misconduct. Grimble v. Brown, 247 La.376, 171 So.2d 653 (1965), cert. denied, 382 U.S. 861, 86 S.Ct. 123, 15 L.Ed.2d 99 (1965). LSU was justified in discharging Moore. However, circumstances which warrant the termination of employment are not necessarily sufficient grounds for the denial of unemployment compensation. Jacquet v. Consolidated Companies, Inc., 499 So.2d 1002 (La.App. 3d Cir.1986). The misconduct must be connected with his employment. Two factors convince us that Moore should be disqualified.
First, while the courts have stated that the unemployment statutes are to be construed in favor of the employee, they have consistently found that criminal activity off-the-job is disqualifying misconduct under LSA-R.S. 23:1601(2). Grimble, supra, questioning the contrary holdings of Smith v. Brown, 162 So.2d 179 (La.App. 3d Cir.1964) and Smith v. Brown, 147 So.2d 452 (La.App. 2d Cir.1962); Dubuclet v. Division of Employment Sec., 483 So.2d 1183 (La.App. 4th Cir.1986), writ denied, 488 So.2d 693 (La.1986); South Central Bell Telephone Co. v. Sumrall, 414 So.2d 876 (La.App. 4th Cir.1982), writ denied, 420 So.2d 456 (La.1982); Johnson v. Bd. of Com’rs. of Port of New Orleans, 348 So.2d 1289 (La.App. 4th Cir.1977). We do not hold that every off-the-job criminal action will serve to disqualify the employee. We feel, however, that the crime committed here, being a felony done in complete disregard of the standards of behavior of the employer, bring this case within the scope of the cases cited above.
Second, LSU, a state agency, discharged Moore on the mandate of LSA-R.S. 42:1414, which states:
“The employee-employer relationship existing between a state employee, classified or unclassified, and the state shall be terminated and such employee shall be removed from his position of employment with the state upon conviction, during his employment, of a felony as defined by the laws of this state or by the laws of the United States. Within forty-eight hours after a conviction is final and all appellate review of the original trial court proceedings is exhausted, the appointing authority of the employing agency shall terminate any state employee who is convicted of a felony and is holding a position of employment with such agency. For the purposes of Article X, Section 8(A) of the Louisiana Constitution and any provision of law relating to disciplinary action taken against a state employee including any provision of law relating to post-employment benefits, final conviction of a felony shall be a cause for termination of a state employee.”
This article demonstrates a special concern by the legislature with the interests of the state as an employer. We take the last sentence to indicate that the felony conviction of a state employee is disqualifying misconduct for the purpose of unemployment compensation law.
For the foregoing reasons, the judgment of the trial court is reversed and set aside. The ruling and action of the board of review is reinstated and affirmed.
REVERSED.