528 So.2d 661 (1988)
R.B. MATTOX, Plaintiff-Appellant,
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR, State of Louisiana, et al., Defendant-Appellee.
No. 19604-CA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1988.
*662 Culpepper, Teat, Caldwell & Avery by James D. Caldwell, for plaintiff-appellant.
Herman Robinson and Denise A. Nagel, Louisiana Office of Employment Sec., for defendant-appellee.
Napper, Waltman, Madden & Rogers by O.L. Waltman, Jr., for defendant-appellee Jackie White, Inc.
Before HALL, MARVIN and LINDSAY, JJ.
LINDSAY, Judge.
The claimant, R.B. Mattox, appeals from a trial court judgment upholding a decision by the Louisiana Board of Review disqualifying him from receiving unemployment compensation benefits. For the reasons set forth below, we affirm.

FACTS
The claimant, a truck driver for Jackie White, Inc., received a DWI citation on March 1, 1985. At the time of his arrest, the claimant was in his own vehicle and was not engaged in work for his employer. When the citation was issued, the police suspended his driving privileges for ninety days, although they issued a thirty-day temporary license. The notice of suspension shows that a breath test administered at the time of arrest revealed a blood alcohol level of .12 percent. The claimant informed his employer of his arrest. In turn, the claimant's employer, Mr. White, notified his insurance carrier, Thomas and Farr Insurance Agency. The insurance company refused to continue extending coverage to the claimant as a result of the DWI arrest. As Mr. White had no other nondriving work to offer the claimant, the claimant was discharged on or about March 29, 1985.
The claimant sought unemployment compensation benefits. The local agency found that his discharge was for misconduct connected with the employment and, consequently, denied benefits. A hearing before an appeals referee was held on May 13, 1985. The claimant was the only witness present at the hearing. The appeals referee and, subsequently, the Board of Review, affirmed the initial decision denying benefits.
On July 15, 1985, the claimant filed a petition for judicial review of the decision of the Board of Review. The Office of *663 Employment Security filed an answer recommending reversal of the Board's decision due to a lack of sufficient competent evidence in the record. The employer also answered, requesting that the district court either affirm the decision of the Board of Review or remand the matter for the taking of additional evidence. The district court ordered that the case be remanded for the taking of additional evidence on the disposition of the claimant's DWI charge and the availability of insurance coverage.
On March 13, 1987, on remand, a hearing was held before an administrative law judge on behalf of the Board of Review. Present at this hearing were the claimant, Mr. White, their respective attorneys, and Joe Farr, a representative of the insurance agency which handles Mr. White's insurance. Based upon the testimony presented, the Board made the following findings of fact:
The claimant worked for the named employer on two occasions. During the first term of employment, the claimant worked for approximately eight years, and was discharged due to receiving a citation for driving while intoxicated. Several years elapsed, and the claimant returned to work for the named employer after he indicated that he had stopped drinking. The claimant was advised at that time that he had to maintain a good driving record....
On March 1, 1985, while off from work, the claimant was issued a citation for driving while intoxicated. The claimant's driver's license was immediately suspended for ninety days because the results of his chemical tests indicated a blood alcohol level of .12 percent. The State trooper did issue the claimant a temporary license valid for thirty days. The claimant reported this matter to the named employer who, in turn, reported it to his insurance carrier. The insurance carrier refused to continue coverage on the claimant, even pending the outcome of the charge in court. The fact that the claimant received the citation was sufficient for the carrier to discontinue coverage. As the employer had no other work available for the claimant, he was discharged from the employment. The claimant did not regain a valid Louisiana driver's license until approximately one week prior to the hearing conducted on March 13, 1987.
The Board of Review noted in its opinion that the claimant's discharge occurred when the temporary driver's license was within a few days of expiration. Without a valid driver's license, the claimant could not perform his duties and the employer had no other work available for him. The Board further noted the claimant's previous discharge from Mr. White's employment occurred under similar circumstances. The Board concluded that the separation from employment was for misconduct connected with the employment and accordingly denied benefits to the claimant.
The decision of the Board of Review, affirming the assessment of disqualification, was rendered on March 30, 1987. The district court affirmed the Board's decision on August 6, 1987. A judgment in conformity with the district court's decision was signed and filed on September 2, 1987.
The claimant filed a devolutive appeal from the district court's judgment. He assigned as error the trial court's affirmation of an administrative decision allegedly based upon erroneous findings of fact, i.e., that the claimant had lost his driving privileges when, in fact, he still possessed them.

LAW
The claimant argues that the Board of Review's decision, which was affirmed by the district court, was erroneous because he still possessed driving privileges at the time of his discharge. He had not yet been convicted of a DWI charge. He also claims that he was eligible to be insured because insurance coverage was available for persons who had received DWI citations.
The Office of Employment Security contends that the employer carried its burden of proving misconduct by a preponderance of the evidence. It maintains that as a result of his own misconduct, the claimant's ability and capacity to perform his *664 duties as a truck driver were adversely affected to an appreciable degree.
An employee discharged by his employer "for misconduct connected with his employment" is disqualified from receiving benefits. LSA-R.S. 23:1601(2).
Misconduct in the context of this statute has been defined as
an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence in such degree or reoccurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer. [Emphasis theirs]
Grimble v. Brown, 247 La. 376, 171 So.2d 653 (La.1965), cert. denied, 382 U.S. 861, 86 S.Ct. 123, 15 L.Ed.2d 99 (1965).
In Grimble, a truck driver convicted of DWI was discharged by his employer because the resulting loss of his driver's license prevented him from carrying out his duties. Although the charge arose when the employee was off duty and in his own vehicle, the court found that his conduct constituted misconduct connected with the employment. That misconduct was in disregard of the employer's interest and of the standards of behavior that the employer had the right to expect of his employees.
The claimant seeks to distinguish Grimble on the grounds that the truck driver in that case had already been convicted of DWI at the time of his discharge, whereas, here, the claimant had not yet been convicted when Mr. White terminated him. However, we find that the facts of the present case require affirmation of the assessment of disqualification against the claimant.
The employer, Mr. White, had a strict rule that his drivers must maintain good driving records. Additionally, his insurance carrier stringently required him to keep the records of his driving force clean. Mr. Farr, a representative of the insurance agency which carried Mr. White's insurance, testified that the trucking of wood products is considered a very hazardous operation. Even a DWI citation, not yet a conviction, would be sufficient to cause the insurance company to drop Mr. White's coverage. The employer would be faced with either excluding the driver cited for DWI from coverage (which the employer could not do because the employer is required to maintain insurance by state law), or being subject to cancellation by the insurance company. Mr. Farr testified that it would be difficult to obtain commercial insurance for someone ticketed for DWI, and it would be substantially more expensive, especially for a fleet of trucks as large as that maintained by Mr. White.
Although the claimant had not yet been convicted, and his temporary license was still in effect when Mr. White discharged him, the claimant was properly discharged for misconduct connected with his employment. He had once before run afoul of Mr. White's rule pertaining to his driving record and had consequently been discharged on that occasion. Despite his knowledge of that rule, which related directly to his employment as a truck driver, the claimant again voluntarily engaged in an activity that violated that rule. While his conviction was not assured at the time of his discharge, it was certain that within days his temporary license would expire and he would be unable to fulfill his duties as a truck driver. Also certain was the fact that the claimant's conduct would adversely affect his insurability, a vital component of his ability to function as a truck driver for commercial enterprises. His employer could not reasonably be expected to bear the high financial burden of obtaining insurance for the claimant under these circumstances.
Claimant contends that he had not been convicted of any crime at the time of his discharge. In South Central Bell Telephone Company v. Sumrall, 414 So.2d 876 (La.App. 4th Cir.1982), writ denied 420 So. 2d 456 (La.1982), a telephone company worker was discharged following his arrest *665 for possession of various drugs. No reference was made to a subsequent conviction. Nor did the court establish a requirement that the worker be convicted of a crime before there could be a proper adjudication denying unemployment compensation benefits. It was apparently sufficient that the worker's conduct violated the phone company's policy against drugs. Here, the record shows that the claimant received a citation for DWI, and that his license was suspended following a breath test showing a blood alcohol level of .12 percent. He then became uninsurable. (At the very least, the rates would be so high as to make it economically impractical for his employer to pay them).
Under all of these circumstances, it is clear that the claimant's action constituted misconduct connected with the employment as contemplated by LSA-R.S. 23:1601(2). The trial court judgment upholding the claimant's disqualification from receiving unemployment benefits is therefore affirmed.
AFFIRMED.