525 So.2d 1185 (1988)
Zackery EUGENE
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY, H.D. McGaughey, Jr., Appeals Referee, and Westside Transit Lines.
No. 87-CA-909.
Court of Appeal of Louisiana, Fifth Circuit.
May 16, 1988.
Zeno, Frazier & Banks, Melvin C. Zeno, Marrero, for plaintiff-appellant.
Kullman, Inman, Bee & Downing, Sharon S. Hearn and Keith D. Frazier, P.C., New Orleans, for Westside Transit Lines, defendant-appellee.
James A. McGraw, Denise A. Nagel, Bernard J. Francis, Sr., Frank T. Scott, Jr., Ollivette E. Mencer, V. Broussard Guillory, and Sandra A. Broussard, Baton Rouge, for Administrator, Office of Employment Sec. of the Dept. of Labor, defendant-appellee.
Before CHEHARDY, DUFRESNE and WICKER, JJ.
CHEHARDY, Judge.
In this suit plaintiff seeks appellate review of the decision of the trial court that the presence of an illegal drug in plaintiff's urine constitutes "misconduct connected with his employment" under LSA-R.S. 23:1601(2) so as to disqualify him from receiving state unemployment benefits.
Plaintiff, Zackery Eugene, was employed by Westside Transit Lines as a bus driver for approximately four years when he was tested by his employer for illegal drugs and alcohol by use of a urine test. The test disclosed the presence of drugs in plaintiff's system. He was given the opportunity of being tested a second time by a physician of his choice. He did so and received positive results on the second test. Then, faced with a choice of resigning or being fired, plaintiff resigned.
*1186 Subsequently, plaintiff applied for unemployment compensation benefits, which were granted upon a determination by the agency that he was not discharged for misconduct connected with his employment. Westside Transit appealed. The appeals referee reversed the decision of the agency stating that plaintiff was disqualified pursuant to R.S. 23:1601(2) because his "actions without a doubt reflected on his ability to work and especially so in the position he so performed for the employer." The appeals referee based his decision on a factual finding that plaintiff was given two urine tests for drugs, both of which rendered positive results, and that plaintiff denied using illegal drugs on the job, but admitted being in the presence of persons using illegal drugs. The board of review affirmed the decision of the appeals referee.
Defendant then filed suit in district court where the denial of benefits was affirmed on the basis that there is sufficient evidence in the record to support the factual finding that claimant was discharged for misconduct connected with his employment. From that decision plaintiff appeals to this court. We affirm.
For a claimant to be disqualified from benefits because of "misconduct connected with his employment" under R.S. 23:1601(2), the "misconduct" must have resulted from willful or wanton disregard of the employer's interest, from a deliberate violation of the employer's rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Charbonnet v. Gerace, 457 So.2d 676 (La.1984). The word misconduct is used to connote intentional wrongdoing. Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La. 1981).
In a case in which misconduct is alleged, the employer has the burden of proving misconduct by a preponderance of the evidence. R.S. 23:1601(2); Charbonnet v. Gerace, supra; Ward v. Office of Employment Sec., 493 So.2d 777 (La.App. 2 Cir. 1986). The findings of the board of review are conclusive if supported by sufficient evidence. Charbonnet v. Gerace, supra. Therefore, judicial review of the findings of the board of review does not permit weighing of evidence nor does it authorize the courts to decide what inferences are to be drawn from the evidence. Southeastern Louisiana University v. Shelton, 431 So. 2d 432 (La.App. 1 Cir.1983); Gardere v. Brown, 170 So.2d 758 (La.App. 1 Cir.1964).
Plaintiff alleges the evidence is insufficient in that his urine test reports were not entered into evidence. He alleges the absence of such reports coupled with his uncontradicted testimony that he had not used illegal drugs were sufficient to defeat the employer's burden of proof. He maintains that he never identified the drugs as being illegal and that he had no personal knowledge that the test results were positive.
In plaintiff's statement upon resignation he stated:
"On or about April 3, 1985, they sent me to the company to have a urine test run for drugs. The test came back as positive. I then went to my own Dr. [sic] & had the test run again it again came out as positive. I tried to explain that I do not smoke myself, but was in a place where other people were smoking ..."
Plaintiff confirmed these statements with his testimony before the appeals referee. His supervisor also testified that plaintiff's two urine tests came back positive for drugs.
A careful reading of the testimony reveals that the drug discussed was illegal. This is supported further by the appeal referee's reference to the drug as marijuana.
The admission of both parties that the tests were positive coupled with plaintiff's admission that he was exposed to an illegal drug is sufficient to support a finding that drugs were present in plaintiff's urine.
Plaintiff further contends that his conduct was not disqualifying misconduct. He states that the employer had no rule against associating with others smoking marijuana. Further, he argues the employer failed to prove his actions were intentional *1187 as no evidence was presented showing plaintiff knew his system could be contaminated by passive inhalation of smoke emitted by others.
The urine test results are sufficient to support a finding that plaintiff was under the influence of an illegal drug while he was supposed to be working as a transit operator. Such constitutes misconduct connected with his employment. Cf. New Orleans Public Service v. Masaracchia, 464 So.2d 866 (La.App. 4 Cir.1985).
Plaintiff's admission that he voluntarily exposed himself to an environment in which illegal drugs were being smoked is sufficient to describe his conduct as a willful or wanton disregard for the employer's interest or a direct disregard of standards of behavior which the employer has the right to expect from his employees, as expressed in the case of Charbonnet v. Gerace, supra.
We, therefore, conclude that the evidence sufficiently supports the findings of fact and is sufficient to deny plaintiff employment compensation benefits pursuant to R.S. 23:1601(2).
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.