535 So.2d 1253 (1988)
MARINE DRILLING COMPANY, Plaintiff-Appellant,
v.
George WHITFIELD, Administrator of the Office of Employment Security of the Department of Labor of the State of Louisiana; and David M. Solomon, Defendants-Appellees.
No. 87-992.
Court of Appeal of Louisiana, Third Circuit.
December 14, 1988.
*1254 Liskow & Lewis, Goerge D. Ernest, III, Lafayette, for plaintiff-appellant.
David M. Solomon, Natchitoches, Vivian B. Guillory, Baton Rouge, for defendants-appellees.
Before DOMENGEAUX, DOUCET and YELVERTON, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellant, Marine Drilling Company appeals the Trial Court's ruling affirming the decision of the Appeals Referee which awarded unemployment compensation to Marine Drilling's former employee, the defendant-appellee, David M. Solomon.

FACTS
David M. Solomon was employed by Marine Drilling as a roustabout from November 28, 1984, until he was discharged on July 18, 1986. During his employment with Marine Drilling, Solomon was scheduled to work seven days on a drilling rig, followed by seven days off duty. When Solomon reported to work to begin a seven day work week, on July 10, 1986, he submitted to an employer supervised urinalysis test. Solomon was discharged by Marine Drilling on July 18, 1986, after Marine Drilling received test results which showed that Solomon's sample contained 100 nanograms of THC (marijuana) per milliter. A second test showed that Solomon's urine sample contained 296 micrograms of THC per liter.
As of August 1, 1985, Marine Drilling promulgated a written "Theft/Contraband Policy", a copy of which Solomon signed prior to submitting to his July 10, 1986, urinalysis test. The terms of the policy contained the following language:

NARCOTICS, ILLEGAL DRUGS, ALCOHOL, AND FIREARMS
The use, possession, transportation or sale of narcotics, illegal drugs, intoxicating beverages, firearms and/or other weapons by any person on any Marine Drilling Company (whether, company owned or leased) vehicle, vessel, drilling rig, office, yard or other work location is prohibited....
REPORTING FOR WORK UNDER THE INFLUENCE OF INTOXICATING BEVERAGES, ILLEGAL DRUGS OR NARCOTICS.

Reporting to work under the influence of intoxicating beverages, illegal drugs or narcotics other than the properly reported and authorized use of prescribed medication or of controlled substances as part of a prescribed medical treatment program, is prohibited.... Employees may be requested to cooperate by submitting to a scheduled urinalysis test and blood test.... Any employee determined by the Company to be in violation of this policy, without an explanation satisfactory to the Company, will be subject to disciplinary action up to and including immediate discharge. (emphasis added)
After initially being disqualified for benefits by the Agency for the Office of Employment Security, Solomon appealed to the Agency's Appeals Tribunal. A telephone hearing was conducted on September 2, 1986, after which, the Appeals Referee reversed the Agency's initial determination and awarded Solomon unemployment compensation. The Appeals Referee found that the employer had presented insufficient evidence at the hearing that Solomon had reported to work under the influence of marijuana or had used marijuana on the job while working for Marine Drilling. Therefore, the Referee determined that Solomon was not discharged for misconduct connected with his employment under La. R.S. 23:1601(2). The Board of Review for the Office of Employment Security affirmed the decision of the Appeals Referee as did the District Court upon application for review pursuant to La.R.S. 23:1634. Marine Drilling has appealed this ruling by the District Court.
La.R.S. 23:1634(B) limits the scope of appellate review as follows:

*1255 In any proceeding under this section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law.
As fraud is not an issue, we are confined to review only questions of law.
Marine Drilling argues that the Appeals Referee erred in his legal conclusion that they presented insufficient evidence of employee misconduct. They contend that the test results showing THC in Solomon's urine sample and a copy of the promulgated rules prohibiting both the use of drugs on the employment premises and being under the influence of drugs upon arriving at work is sufficient evidence to prove employee misconduct under La.R.S. 23:1601(2). Marine Drilling argues that it did not have to present evidence of an impairment of Solomon's ability or of his actual use of drugs on the rig in order to establish sufficient evidence of employee misconduct.
La.R.S. 23:1601 provides that "An individual shall be disqualified for benefits:... (2) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment." (emphasis added) Misconduct has been defined as follows:
an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or the employee's duties and obligations to the employer. Horns v. Brown, 243 La. 936, 148 So.2d 607 (1963); Morris v. Gerace, 353 So.2d 986 (La.1977).
Misconduct such as to disqualify an employee from receiving unemployment compensation must be employment related. Morris v. Gerace, supra.
Marine Drilling essentially argues that evidence of a failed urinalysis test constitutes misconduct per se under La.R. S. 23:1601(2) as either (1) a violation of the employer's rules, (2) a disregard of the employer's interest or (3) a disregard for the employer's standard of behavior.
Initially, we do not find that evidence of a failed urinalysis test, alone, constitutes sufficient proof that the claimant, Solomon, violated the two promulgated rules; i.e. used marijuana while on the rig or arrived at work "under the influence" of the drug. Regarding Solomon's use of the drug on the work premises, while the test results indicated that he did use marijuana at some time, there was simply no evidence presented which indicated that Solomon had used marijuana while on the work premises. Instead, because Solomon had just reported to work from seven days off duty, it was highly unlikely that he had used the drug while on the premises.
Likewise, Marine Drilling presented no evidence, besides the positive test result, which indicated that Solomon was "under the influence" of marijuana when he reported to work. While the term "under the influence" is generally used in a OWI context, the term has been described to mean one who is to the slightest degree, less able, either mentally or physically, or both, to exercise clear judgment and a steady hand. See State v. Myers, 88 N.M. 16, 536 P.2d 280 (Ct.App.1975). The test results of 100 nanograms of THC per liter and 296 micrograms of THC per liter were introduced with no accompanying data or information which would establish whether this amount of THC in the system affects motor coordination or mental ability. Without more evidence, we cannot presume a minimum level of THC in the system which would impair one to the extent of being "under the influence". Also, the company's regulations did not provide standards of THC levels which the Company would consider "under the influence". With no additional standards set forth in either the regulations or as separate evidence, we are left with no guidance as to what level of THC in one's system would render one *1256 "under the influence", and therefore, be in violation of the promulgated rule. We are constrained to determine this issue according to the wording used in the employer's regulation. We therefore agree with the Referee's ruling that the employer presented insufficient evidence that Solomon violated their company policy of arriving at work "under the influence" of marijuana.
We note the contrary conclusion reached by our Brethern on the Fifth Circuit in Eugene v. Adm'r, Div. of Emp. Sec., 525 So.2d 1185 (La.App. 5th Cir.1988). Based on the foregoing reasons, we decline to agree with their conclusion that a positive test result, alone, is sufficient to support a finding that an employee was "under the influence" of a drug while on duty.
We are also unable to agree with Marine Drilling's contention that evidence of THC in an employee's system is misconduct per se in violation of La.R.S. 23:1601(2) as a disregard of the employer's interest or as a disregard of the employer's standard of behavior.[1] In this instance, the evidence indicated that the claimant had apparently used marijuana at some time while he was off duty. The use of marijuana is a criminal activity. La.R.S. 40:966. To be misconduct under 1601(2), it is well established that the misconduct need not occur while working on the job but can occur off the job. Grimble v. Brown, 247 La. 376, 171 So.2d 653 (1965); South Central Bell Telephone Co. v. Sumrall, 414 So.2d 876 (La. App. 4th Cir.), writ denied, 420 So.2d 456 (La.1982); Johnson v. Bd. of Com'rs of Port of New Orleans, 348 So.2d 1289 (La. App. 4th Cir.1977). However, the off duty misconduct must still be employment related. La.R.S. 23:1601(2).
Off duty criminal activity has been considered employee misconduct under 1601(2) so as to disqualify an employee from unemployment compensation. See Grimble v. Brown, supra; South Central Bell Telephone Co. v. Sumrall, supra; Johnson v. Bd. of Com'rs of Port of New Orleans, supra. However, in these cases the employee's off duty criminal activity was in direct violation of an employer's promulgated rule or rendered the employee unable to perform his job.
In Grimble, the employee's driver's license was revoked after he was convicted of a DWI. Because the employee, a truck driver, was now unable to perform his job, he was fired. The Court ruled that the employee was ineligible for unemployment compensation because his off-duty criminal act was misconduct connected with his employment since the result of the criminal conduct rendered him "ineligible to perform the task of his employment". 171 So.2d at 655.
In South Central Bell Telephone Co. v. Sumrall, supra, the employee was fired after he was charged with possession of cocaine, marijuana and diazepam. An employer rule explicitly prohibited employees' use of illegal drugs while on or off duty. The Court found that the company rule was a reasonable one in light of the type of employment (a telephone cable splicer) and that the employee's violation of the rule constituted misconduct under 23:1601(2).
In Johnson v. Bd. of Com'rs of Port of New Orleans, supra, the employee, a patrolman for the New Orleans Harbor Police Department, was arrested in Alexandria, Louisiana, for carrying a concealed weapon. He was subsequently convicted of "disturbing the peace". The patrolman was discharged for misconduct and, although he was reinstated one month later, he filed for unemployment compensation for the month he was discharged. The Court found that the employee had violated three explicit employer rules: (1) to only carry authorized weapons, (2) to limit the use of arms within the geographical limits of the Dock Board's jurisdiction, (3) to conduct himself as befits a law enforcement officer, both on and off duty.
*1257 In this instance, there was no evidence presented which indicated that the employee, Solomon, was rendered unable to perform his job due to the presence of THC in his system. Also, Marine Drilling's Theft/Contraband policy did not expressly prohibit the use of marijuana while off duty. While we are aware of the criminal statutory prohibition against the use of marijuana at any time, we are compelled to abide by the requirement in 23:1601(2) that in order for an employee to be disqualified from receiving unemployment compensation, there must be a nexis between the employee's misconduct and the employment. Based on the lack of evidence in the record, we can find no such connection in this instance.
Again, we note that Eugene, supra, indicates that the Fifth Circuit has concluded that voluntary exposure to an environment in which one may inhale marijuana smoke coupled with a positive test result constitutes sufficient evidence to establish a violation of La.R.S. 23:1601(2) as a willful or wanton disregard for the employer's interest or a direct disregard of standards of behavior which the employer has a right to expect from his employees. We disagree. The statute requires that there be a showing of a connection between the misconduct and the employment. We find no evidence presented of such a connection in this case and must, therefore, affirm the ruling of the Appeal's Referee and of the Trial Court.
While we are not pleased with the result which we have reached herein, we feel that the evidence and applicable law leave us with no alternative.
For the foregoing reasons, we affirm the ruling of the Trial Court which affirmed the decision of the Appeals Referee and the Board of Review.
Costs on appeal are assessed against the appellant, Marine Drilling.
AFFIRMED.
NOTES
[1] We note that under La.R.S. 23:1601(10), effective September 1, 1987, the claimant would be disqualified for unemployment compensation since, under the standards set forth in the statute, the employer proved by a preponderance of the evidence that the claimant had used marijuana while off duty. As the statute became effective after the claimant's discharge and is substantive in nature, it is inapplicable to this case and the law in effect at the time of the claimant's discharge must be applied.