597 So.2d 521 (1992)
Roy Paul LANDRY
v.
SHELL OIL COMPANY.
No. 91 CA 0030.
Court of Appeal of Louisiana, First Circuit.
March 6, 1992.
*522 Hobart Pardue, Springfield, for plaintiff.
Michael Lee, Rose Hesson, Livingston, Olivette Mencer, Baton Rouge, for defendant.
Before LOTTINGER, EDWARDS and GONZALES, JJ.
LOTTINGER, Judge.
This is an action by Roy Paul Landry to recover unemployment compensation benefits after he had been discharged by his employer, Shell Pipeline Corporation (Shell). The Louisiana Office of Employment Security granted Mr. Landry's request for unemployment compensation benefits. On appeal by Shell to the appeals tribunal, the administrative law judge found that Roy Paul Landry had been discharged for misconduct connected with his employment pursuant to La.R.S. 23:1601(2). Thus, his request for unemployment compensation benefits was denied. The Board of Review, State of Louisiana Office of Employment Security (Board) affirmed the decision of the administrative law judge. Mr. Landry appealed from the Board's judgment denying his claim for unemployment compensation benefits. On appeal to the district court, the district court reversed the Board's decision and allowed Mr. Landry to recover unemployment compensation benefits. Shell appeals the district court's reinstatement of unemployment benefits to Mr. Landry.

FACTS
Mr. Landry was employed as a pipeliner with Shell from June 18, 1979, until January 9, 1989. Shell is a pipeline company that is involved in the transport of volatile materials. In 1987, Shell implemented an unwritten company policy on drug control. This policy prohibited the use of drugs while employed.
On July 17, 1987, Roy Landry was arrested and charged with distribution of marijuana in violation of La.R.S. 40:966. Shortly *523 thereafter, William Ezell, a district manager for Shell, met with Mr. Landry to discuss the events of July 17, 1987, which had culminated in Mr. Landry's arrest. At that time, Mr. Landry told Mr. Ezell there was no basis for the drug arrest and that the entire situation was political in nature. Mr. Landry indicated that the arrest arose from his former employment as a deputy sheriff in Livingston Parish. During this conversation, Mr. Ezell instructed Mr. Landry to keep Shell informed as to the progress of the criminal proceedings.
On or about October 28, 1987, Mr. Ezell met with Mr. Landry to discuss the progress of the drug prosecution. During this meeting, Mr. Ezell made it clear to Mr. Landry that Shell would terminate his employment unless he was acquitted or the charges against him were dismissed. Mr. Landry was again reminded by Mr. Ezell to keep Shell apprised of any developments in the criminal proceedings.
On January 6, 1988, Mr. Landry asked Mr. Ezell if Shell would consider granting a waiver of its termination policy should he enter into a plea bargain admitting to simple possession of marijuana, a misdemeanor offense. Mr. Ezell advised Mr. Landry that Shell would probably not allow a waiver but that he would get an official response. On January 12, 1988, Mr. Ezell told Mr. Landry that Shell would not consider a waiver.
Mr. Ezell made several calls to the district attorney's office and the clerk of court in an attempt to monitor the progress of Mr. Landry's criminal proceedings. On March 15, 1988, Mr. Landry informed Shell that the case against him had been suspended. Shell was unable to obtain information from the clerk of court to substantiate this alleged suspension. Meanwhile, on June 14, 1988, Mr. Landry appeared in the 21st Judicial District Court for the Parish of Livingston and entered a plea of guilty to the reduced charge of "possession with the intent to distribute." The record of Mr. Landry's criminal proceeding was sealed upon his request.
Mr. Landry failed to communicate with or advise Shell that he had appeared in court and pleaded guilty to any drug charges arising out of his arrest on July 17, 1987. Shell as a result of its own investigation discovered in December, 1988, that Mr. Landry had pleaded guilty to the felony offense of possession of marijuana with the intent to distribute.
On January 9, 1989, Mr. Ezell met with Mr. Landry to discuss the criminal proceedings. Mr. Ezell asked Mr. Landry if he had pleaded guilty to possession of marijuana with the intent to distribute. After an initial denial, Mr. Landry admitted to Mr. Ezell that he had entered a guilty plea. Later that same day, Mr. Ezell terminated Mr. Landry's employment. Mr. Ezell testified that he gave Mr. Landry the following reasons for his dismissal: (1) pleading guilty to the charge of possession of marijuana with intent to distribute, an offense in violation of Shell's drug policy, (2) failing to keep Shell apprised of the criminal proceedings, and (3) failing to tell the truth to Shell when questioned about the plea.
On January 18, 1989, Mr. Landry filed a claim for unemployment benefits on form 259-1 in which he denied that he had ever been convicted of a felony. Mr. Landry submitted a letter from the Livingston Clerk of Court's office stating that a ten-year criminal records check in the name of Roy Landry had been made and that no record had been found. Based on this evidence, the Office of Employment Security found that Mr. Landry was qualified to receive unemployment benefits. From this determination, Shell filed an appeal to the appeals tribunal. At the hearing before the administrative law judge, Mr. Landry acknowledged that, prior to his arrest, he was aware of Shell's policies and regulations concerning the use of drugs. Mr. Landry testified that he had not pleaded guilty to any charges arising out of his arrest. He denied that he was on active probation. Mr. Landry stated that he had been cleared of all charges. The only evidence introduced by Mr. Landry to support this testimony was the letter from the Livingston Parish Clerk of Court's office. However, Mr. Landry's testimony was contradicted by the copy of the June 14, 1988, *524 trial court minute entry pertaining to Mr. Landry's plea.
The administrative law judge found that Mr. Landry had been discharged for violation of company rules, regulations, and instructions. The administrative law judge "concluded that the weight of evidence is in favor of the employer and the claimant's [Mr. Landry's] discharge was for misconduct connected with his employment." Decision of Administrative Law Judge. Accordingly, the determination of the Office of Employment Security was reversed. The administrative law judge denied unemployment benefits because Mr. Landry had been discharged for employment-related misconduct. La.R.S. 23:1601(2). Mr. Landry appealed to the Board. After considering the evidence, record, and testimony in this case, the Board adopted the findings and decision of the administrative law judge and upheld the disqualification.
After the administrative review process, Mr. Landry appealed this decision to the 21st Judicial District Court. In his petition for appeal, Mr. Landry alleged that the Board's decision was erroneous in (1) finding that Mr. Landry was discharged for good and other legal cause and (2) finding that Mr. Landry's separation was for misconduct connected with employment.
The district court reversed the Board's decision and awarded unemployment compensation benefits to Mr. Landry retroactive to the date said benefits were terminated. In his reasons for judgment, the district judge held that the Board's decision was not supported by sufficient evidence. This holding was based on the district judge's ruling that the Shell drug policy was adopted after the violation had occurred and that such policy only pertained to violations that occur on Shell's premises. Shell appeals from the district court's reversal of the Board's decision.

ASSIGNMENTS OF ERROR
Shell assigns error to (1) the standard of review used by the district court, (2) the district court's failure to limit its review to the record of the hearing held by the administrative law judge, and (3) the district court's interpretation of "misconduct connected with employment."

I
La.R.S. 23:1634[1] sets forth the proper standard of review to be used by the district court in reviewing decisions made by the Board. Judicial review in unemployment proceedings is limited to questions of law. Where supported by sufficient evidence, findings of fact and conclusions of the Board should not be disturbed. Southeastern Louisiana University v. Shelton, 431 So.2d 432, 435 (La.App. 1st Cir.1983). Therefore, we must determine whether the facts are supported by competent evidence and whether the facts, as a matter of law, justify the Board's decision. Southeastern Louisiana University v. Shelton, 431 So.2d at 435.
The administrative law judge found that Shell had implemented an unwritten policy in 1987 that prohibited the use of drugs while employed by Shell. Mr. Landry admitted to the appeals tribunal that he had knowledge of the company rules and regulations. On separate occasions, Mr. Landry admitted to Mr. Ezell that he had been charged with possession and distribution of marijuana and that he subsequently plead guilty to possession of marijuana with the intent to distribute. The minute entry of Mr. Landry's criminal proceeding that was introduced by Shell corroborates the fact that Mr. Landry had entered such a guilty plea. When questioned at the hearing about the making of this plea, Mr. Landry refused to respond. During the *525 course of the hearing, Mr. Landry failed to offer any rebuttal to the evidence presented by Shell. The administrative law judge found that these facts were sufficient to prove that Mr. Landry violated Shell's rules and regulations. After reviewing both the transcript of the hearing and the exhibits, we find that the evidence supports the findings of fact of the administrative law judge.

II
The district judge based his reversal primarily on evidence submitted by Mr. Landry pertaining to an alleged written drug policy that was implemented by Shell on February 15, 1988. The district court overlooked the fact that the administrative law judge had found as fact that Shell had implemented an unwritten drug policy during 1987. Mr. Landry's admission at the hearing supports such a finding. Furthermore, Mr. Landry neglected to introduce any evidence with respect to the alleged written drug policy that had been adopted by Shell subsequent to Mr. Landry's arrest at the administrative hearing. Our review of the record reveals that Mr. Landry's initial reference to Shell's alleged written "Drug Policy" was made in the March 9, 1989 notification letter from Mr. Landry's attorney to the Board. In this letter, counsel alleged that the Board's decision was erroneous in that (1) the Board had failed to consider Mr. Landry's documentation which indicated no record of Mr. Landry's arrest or conviction, (2) Shell's drug policy did not go into effect until February, 1988, and (3) Shell's drug policy only applied to persons on company business or on company premises. A copy of Shell's alleged "Drug Policy" was attached to this letter. Although this letter and the attached policy appears to form part of the record in this case, neither was introduced at the prior administrative hearing.
La.R.S. 23:1634 clearly states that the district court shall not receive any additional evidence. The taking of additional evidence by the district court is error. Boudreaux v. Seascope, Inc., 471 So.2d 1157, 1159 (La.App. 3rd Cir.1985). The district court judge erred in considering and giving weight to the written drug policy submitted by Mr. Landry since it did not form part of record of the administrative hearing. The proper procedure would have been to remand the case to the Board for the taking of additional evidence. However, we refuse to remand this case for the purpose of taking evidence of a policy that purportedly took effect after Mr. Landry's arrest. Evidence tending to prove the existence of this written policy is irrelevant in proving existence or non-existence of an earlier unwritten policy that had been implemented by Shell.

III
Next, we need to decide if the relevant facts support the administrative law judge's finding that Mr. Landry's actions constituted misconduct so as to preclude him from receiving unemployment benefits. An employee who engages in misconduct connected with his employment is disqualified from receiving unemployment compensation benefits. La.R.S. 23:1601(2). The term "connected with employment" is given a broader meaning than the term "in the course of employment." Grimble v. Brown, 247 La. 376, 171 So.2d 653, 655-56, cert. denied, 382 U.S. 861, 86 S.Ct. 123, 15 L.Ed.2d 99 (1965). However, to constitute misconduct connected with employment, there must be some type of relationship between the misconduct and the employment. South Central Bell Telephone Company v. Sumrall, 414 So.2d 876, 877 (La.App. 4th Cir.), writ denied, 420 So.2d 456 (La.1982). Such misconduct must arise from a willful or wanton disregard of the employer's interest, from an intentional breach of the employer's rules, or from a direct disregard of the standard of behavior which the employer has a right to expect from his employees. Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984). It is not necessary that the misconduct occur during working hours. Grimble v. Brown, 171 So.2d at 655-656.
The facts in this case are similar to those presented by Johnson v. Board of Commissioners, 348 So.2d 1289, 1291 (La.App. *526 4th Cir.1977), and South Central Bell Telephone Company v. Sumrall, 414 So.2d at 877. In each of these cases, the claimant was discharged for violation of a company policy. The court in Johnson v. Board of Commissioners, disqualified a patrolman, who was arrested for carrying a concealed weapon while off-duty, from receiving unemployment benefits. Disqualification was appropriate in Johnson v. Board of Commissioners, in light of the fact the patrolman's action constituted a violation of his employer's policy as well as a breach of the Port of Orleans' duty to the public. 348 So.2d at 1292. The court in South Central Bell Telephone Company v. Sumrall, found that a telephone worker who works for a public utility also serves the public. In light of the duty with which a public utility is charged, the court found that the telephone company's written policy against drug use and possession was reasonable. 414 So.2d at 878.
Disqualification from benefits, because of misconduct connected with employment, depends on the facts of each case as presented by the documents and testimony in evidence. Southeastern Louisiana University v. Shelton, 431 So.2d at 436. Shell, as a transporter of volatile materials, is subject to regulations which are designed to protect the public. As a pipeliner employed by a transporter of volatile materials, Mr. Landry was charged with a greater duty than the telephone worker in South Central Bell Telephone Company v. Sumrall, 414 So.2d at 877. Albeit, Shell's policy against drug use and possession was not incorporated into a booklet as in South Central Bell Telephone Company v. Sumrall; however, the fact that Shell's drug policy was unwritten is of little significance in light of the admission made by Mr. Landry at the administrative hearing. Mr. Landry testified that he had knowledge of Shell's unwritten drug policy. Shell's rule against drug possession and usage was reasonable in light of the duty with which a transporter of volatile substances is charged.
The record in this case establishes that Mr. Landry's arrest and subsequent guilty plea were related to an intentional failure to comply with Shell's rules. We, therefore, find that the misconduct perpetrated by Mr. Landry was related to his employment and that such misconduct is sufficient to deny Mr. Landry any unemployment compensation pursuant to La.R.S. 23:1601(2).
Therefore, the judgment of the district court is reversed, and the judgment of the Board are reinstated.[2]
REVERSED.
NOTES
[1] La.R.S. 23:1634 in pertinent part provides:

In any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to question of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file with the court such additional or modified findings and conclusions, together with a transcript of the additional record.
[2] Costs may not be assessed against the employee, Mr. Landry, La.R.S. 23:1692. It would not be equitable, under the circumstances, to assess the costs against the employer, Shell. Thus, the costs must be absorbed by the clerk of this court, the sheriff, and the clerk of the district court. Sensley v. Administrator, Office of Employment Security, 552 So.2d 787, 790 (La.App. 1st Cir.1989).