| iTHIB ODEAUX, Judge,
dissenting.
To be ineligible for unemployment benefits the employee’s alleged misconduct must have been employment-related or a violation of his employer’s promulgated rule with respect to drug usage. Marine Drilling Company v. Whitfield, 535 So.2d 1253 (La.App. 3 Cir. 1988). Louisiana Revised Statute 23:1601(10)(a) provides that “misconduct” includes on or off the job drug use of a non-prescribed controlled substance. It is the employer’s burden to prove such usage by a preponderance of the evidence.
Clearly, the evidence does not show that Weathersby’s drug use was employment-connected. However, it was arguably a violation of the company’s policy which prohibited “[a]ll employees and contractors from reporting to work |2having used illegal or unauthorized drugs ... regardless of when or where the prohibited substance entered the person’s system.” Bean’s policy also applied to applicants. However, notwithstanding this policy, there is no proof which indicated that Weathersby reported to work having used unauthorized drugs. The test was administered on October 3rd. Bean began working on October 5th. While there was presumably the presence of drugs in his system on October 3rd, there is nothing to indicate the presence of drugs when he reported to work on October 5th or through October 10th, the date he was fired. Therefore, there is no violation of company policy.
Weathersby did sign a statement saying that “at this time I can pass a drug screen_ I understand that ... I will be immediately discharged for deliberately falsifying employment information.” Again, there is no proof that he was deliberately falsifying employment information. He may have been under the sincere belief that he could have passed it at the time he signed this statement.
Furthermore, the majority recognizes that our appellate review in such situations is confined to such questions of law. The majority then goes on to find “significant facts” “which are determinative of this case.” It then finds that the trial court and the administrative tribunals erred “as a matter of law in finding that Weathersby was not guilty of misconduct connected with his employment.” It seems to me that the court has placed itself in the position of reviewing and making factual determinations contrary to La.R.S. *1024 23:1634(B). It is appropriate to conclude as a matter of law that the law and Bean’s drug policy applied to applicants as well as employees. Even if we find this as a matter of law, for the reasons stated above, Bean would not be entitled to relief.
For the foregoing reasons, I respectfully dissent.