| iCOOKS, Judge,
dissenting.
The majority correctly recites this court’s authority to review administrative decisions is limited to questions of law in the absence of fraud. Mindful of the bar preventing them from reviewing factual findings of administrative tribunals, the majority acknowledges, as they must, the “correctness of the prior administrative and appellate determination that Weathersby’s drug use/exposure to illegal drugs occurred prior to his employment with Bean.” Strangely, however, the majority’s reversal of the decisions of the Division of Employment Security, the Board of Review, and the district court affirming the Board’s determination hinges on a “purely factual” finding that Weathersby made a “false assertion,” constituting disqualifying misconduct, when he stated to Bean he “could pass a drug screen.”
The falsity of Weathersby’s assertion is not a question of law. It rests on whether he reasonably believed he “could pass a drug screen.” The fact that Weathersby failed the pre-employment drug screen does not end the inquiry. Bean did |2not even raise this factual issue below. Moreover, Bean’s only assignment of error before this court raises a single legal question: ‘Whether Louisiana’s unemployment security law, which disqualifies employees discharged for failing drug tests, also disqualifies applicants who fail pre-employment drug screens which are administered with the consent of the applicant, in accordance with company policy, and mandated by federal law.” This is, and remains, the only reviewable issue before this court. The record does not contain any evidence of fraud which might vest this court with additional authority to examine the record for factual errors.
The real question of law in this ease is whether violating an employer’s pre-employment rule constitutes misconduct. We have not directly addressed this issue. However, in Marine Drilling Co. v. Whitfield, 535 So.2d 1253 (La.App. 3 Cir.1988), we said “[mjisconduct such as to disqualify an employee from receiving unemployment compensation must be employment related.” See also Morris v. Gerace, 353 So.2d 986 (La.1977). The trial court and administrative tribunals found Weathersby’s drug use occurred prior to his employment and his alleged “misconduct” was not job related. Bean invites this court to assign legal error to three determinations below. Although Bean points out that La.R.S. 23:1601(10), provides illegal drug use by “current employees” may serve as disqualifying misconduct, it admits “there are no court decisions that address the issue of whether applicants can be similarly disqualified when they test positive for illegal drugs.” Bean argues “there is no legitimate, legally defensible distinction to be made between employees and applicants when both have tested positive for illegal drugs.” This argument is flawed.
We are not at liberty to redraft La.R.S. 23:1601(2)(a) or (10) simply because it urks us that an applicant who may have used drugs is entitled to unemployment benefits. We cannot substitute our judgment or make policy choices for lathe legislature. An employer contending that a claimant is disqualified from receiving unemployment benefits has the burden of proving willful misconduct by a preponderance of the evidence. Operators, Inc. v. Comeaux, 579 So.2d 1228 (La. App. 3 Cir.1991). It is well-settled jurisprudence that “misconduct” must be construed so as to favor awarding benefits rather than disqualifying a claimant because of the humane purpose of the Unemployment Compensation Act. Charbonnet v. Gerace, 457 So.2d 676 (La.1984); Operators, Inc., 579 So.2d 1228; Taco Bell Corp. v. Perkins, 95-225 (La.App. 5 Cir. 9/26/95), 662 So.2d 34. La.R.S. 23:1601(2)(a) defines misconduct as “mismanagement of a position of employment by action or inaction, ..., dishonesty, wrongdoing, violation of a law or violation of a policy or rule adopted to insure orderly work or the safety of others.” An applicant who is not yet employed cannot mismanage *1025 an unfilled position. The definition assigned this term by the legislature is not ambiguous nor susceptible of different meaning. Bean, however, seeks to edit this definition by insisting that we include applicants within its ambit and find any violation of its pre-em-ployment drug rules constitutes disqualifying misconduct. The majority’s effort to come to Bean’s rescue is not legally floatable for the reasons already mentioned; and, further, the applicable statute does not reach the conduct Bean complains constituted misconduct. Moreover, a violation of an employer’s rule does not per se constitute misconduct sufficient to disqualify a claimant from receiving unemployment benefits. The Supreme Court has consistently declared misconduct means “an act of willful or wanton disregard of the employer’s interest or a deliberate violation of the employer’s rules.” Morris v. Gerace, 858 So.2d 986 (La.1977); Horns v. Brown, 243 La. 936, 148 So.2d 607 (La.1963).
The issue is not whether Bean had reasonable grounds to discharge Weathersby; but, whether those grounds constituted “misconduct” in connection with |4Weathersby’s employment such that he can be denied unemployment benefits. The answer is an obvious no! An employer may discharge an at-will employee who does not pass a pre-employment drug test; but the employer’s right to do so does not change the unemployment compensation laws of this State, the authority of the legislature to define employment “misconduct,” or the administrative tribunal’s authority to make binding factual determinations. The policy which the majority recites and concludes Weathersby violated allows Bean to discharge him, a right it possessed even if no reason at all existed. This policy, however, cannot be “cut and pasted” into La.R.S. 23:1601, et seq.
For these reasons and more, I respectfully dissent.