348 So.2d 1289 (1977)
Albert C. JOHNSON
v.
BOARD OF COMMISSIONERS OF the PORT OF NEW ORLEANS, an Agency of the State of Louisiana, and State of Louisiana Board of Review for the Department of Employment Security and its Administrator.
No. 8155.
Court of Appeal of Louisiana, Fourth Circuit.
August 1, 1977.
Harry A. Rosenberg, Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, for Board of Commissioners of the Port of New Orleans, defendant-appellant.
Gerald Thos. LaBorde, LaBorde & Brooks, New Orleans, for Albert C. Johnson, plaintiff-appellee.
Before LEMMON, BOUTALL and SCHOTT, JJ.
BOUTALL, Judge.
Defendant employer appeals a judgment of the District Court which reversed the findings of the State of Louisiana Board of Review for the Department of Employment Security that the claimant, Albert C. Johnson, was disqualified from receiving unemployment compensation benefits.
*1290 The claimant, Albert C. Johnson, is a patrolman with the Harbor Police Department, Board of Commissioners of the Port of New Orleans. On September 14, 1975 Johnson was arrested in the City of Alexandria and charged with carrying a concealed weapon. At the time of the arrest Johnson was off duty and out of uniform. Thereafter Johnson retained counsel and as a result of plea-bargaining, the charge was reduced from "carrying a concealed weapon" to simply "disturbing the peace". In accordance therewith, Johnson filed bail bond and then forfeited the bond.
Johnson informed his employer the next day of his arrest. In accordance with the employer's procedure Johnson was suspended without pay pending investigation of the charges. After his plea-bargain, on September 22, 1975 Johnson was informed by his employer that he was suspended for a period of thirty days without pay for conduct unbecoming a Harbor Policeman. On October 23, 1975 Johnson was reinstated to his former position as policeman with pay.
On October 16,1975 plaintiff filed a claim to recover unemployment compensation benefits for the period of his suspension from the Harbor Police Department. Johnson's claim was denied by the claim supervisor for the Louisiana Department of Employment Security on the basis of the employer's contention that the claimant had been suspended without pay for misconduct in connection with his work. Johnson then appealed that denial of his claim to an appeals referee who reversed the denial of benefits by the claim supervisor and stated that it is essential for the misconduct to adversely affect the employee's ability and capacity to perform his duties in an appreciable degree before such misconduct will bar him from recovering such benefits. The appeals referee went on to say "The facts in this case fail to show that the claimant was rendered incapable of performing his duties on the job as a result of his being arrested. There is also a question as to whether or not the claimant was validly charged with carrying a concealed weapon, since he is in fact commissioned to carry fire arms."
Johnson's employer then appealed the decision of the appeals referee to the Board of Review for the Department of Employment Security. The Board of Review examined the record and facts and found that the claimant had acted in a manner that was not becoming to his position as a Harbor Policeman in New Orleans, and that the claimant was guilty of misconduct within the meaning of the act and accordingly ordered that the decision of the appeals referee be reversed and the disqualification be reinstated.[1] Johnson appealed that finding by the Board of Review to the District Court. The trial judge reviewed the record and determined the question to be whether the degree of misconduct of the plaintiff was such to disqualify him from receiving unemployment compensation benefits. The trial judge found the actions of the claimant to be misconduct, but not to that degree to disqualify him from receiving unemployment benefits. Accordingly, the trial judge reversed the findings of the Board of Review that the claimant was disqualified for benefits.
Appellant contends that the trial court erred when it failed to adhere to the administrative findings of fact rendered by the Board of Review and in finding the claimant entitled to benefits, even though claimant was guilty of misconduct connected with his employment. Further appellant contends that the review by the District Court was restricted to review of questions of law and not the facts. LSA-R.S. 23:1634.[2]
*1291 While we agree with appellant's contention that the District Court's review was restricted to questions of law, we note that judicial review of questions of law includes the determination of whether, under the facts found by the agency, the claimant is or is not as a matter of law entitled to such benefits. Turner v. Brown, La.App., 134 So.2d 384 (1961).
For the purpose of our review, we must first determine if a person suspended from duty without pay is eligible for unemployment benefits. LSA-R.S. 23:1600 says that: "An unemployed individual shall be eligible to receive benefits with respect to any week only if the administrator finds that: * * * (4) he has been unemployed for a waiting period of one week; provided however, that after the unemployed individual has been unemployed for six consecutive weeks or longer he shall be eligible for benefits with respect to such week of waiting period if he is not otherwise disqualified for benefits with respect to such week under the provisions of this Chapter. . . ."
LSA-R.S. 23:1472(19) defines unemployment as: "An individual shall be deemed to be `unemployed' in any week during which he performs no services and with respect to which no wages are payable to him, or in any week of less than full time work if the wages payable to him with respect to such week are less than his weekly benefit amount. The administrator shall prescribe regulations applicable to unemployed individuals making such distinctions in procedures as to total unemployment, part total unemployment, partial unemployment of individuals attached to their regular jobs, and other forms of short-time work, as the administrator deems necessary."
Thus, it is apparent that a person suspended from duty without pay falls within the contemplation and coverage of the unemployment laws of this state and we hold that a suspended person can receive unemployment compensation benefits if he is not otherwise disqualified.
This individual's disqualification was based on LSA-R.S. 1601(2) which says that an individual shall be disqualified for benefits "if the administrator finds that he has been discharged for misconduct connected with his employment."
It is well established that the disqualification for misconduct is dependent upon the peculiar facts of each case, and such misconduct does not have to occur while working on the job, but can be off the job. Grimble v. Brown, etc., et al., 247 La. 376, 171 So.2d 653 (1965); Jackson v. Doyal, etc., et al., La., 198 So.2d 469 (La.App.2d Cir. 1967). Thus our inquiry is whether the facts found by the Board of Review will support a determination that the misconduct is misconduct connected with his employment.
The facts are that the claimant was employed by the Board of Commissioners of the Port of New Orleans which has police authority for the geographical confines of its jurisdiction, and is responsible for the prevention of crimes and its jurisdiction, safeguarding of property, and protecting the citizens and industries' interests. This claimant was employed as a policeman, subject to specific regulations covering his employment. Those regulations included: (1) Patrolmen shall carry no unauthorized weapons. (2) Patrolmen are authorized only to carry arms within the geographical limits of the Dock Board's jurisdiction.[3] (3) Patrolmen are to conduct themselves as befits law enforcement officers, including both on duty and off duty.
At the time of his arrest, at 4:45 A.M. in the parking lot of an A & P Store in Alexandria, La., the claimant was carrying 2 unauthorized pistols, a .44 Magnum and a .357 Magnum, dressed in civilian clothes with the barrel of one pistol protruding from beneath his shirt. The police had received a report of a disturbance there involving guns. There was no disturbance when the police arrived, but there were 18 to 20 cars and 35 to 40 people standing around the area. No facts of any disturbance *1292 are in the record, but Johnson was pointed out as being involved.
We determine the controlling factor to be that in this instance a policeman violated the regulations concerning his conduct to the detriment of his employer and its duty to the citizens of the state. Because of the nature of his employment, that is a policeman with the sworn duty to uphold the laws of this state, and see to the safety of its citizens and the security of their property, it is particularly important that Johnson's conduct both on duty and off, be such as to instill confidence in his concern for safety and accordingly we conclude the facts provide a reasonable basis for the Board of Review to find misconduct connected with his employment; we reverse the judgment of the trial court and reinstate the findings of the Board of Review.
REVERSED.
LEMMON, J., concurs and assigns reasons.
LEMMON, Judge, concurring and assigning reasons.
Disqualification for benefits under R.S. 23:1601(2) requires the finding of two elements, misconduct and connection with employment.
Carrying a concealed weapon is a serious criminal offense, and the commission of an act which constitutes a serious criminal offense almost necessarily constitutes misconduct.[1]
The more difficult issue is connection with employment. An act which does not occur in the course of employment may still be connected with employment within the contemplation of the statute if the act bears such a relationship to the particular employment as to render the claimant unsuitable or undesirable for employment. 19 La.L.Rev. 448, 464 (1959). Even during offduty hours, an employee must meet the standards of conduct which an employer may reasonably expect of an employee in that position. 89 A.L.R.2d 1089 (1963). Furthermore, an employer may impose reasonable rules of off-duty conduct for its employees.
In the present case the claimant was a patrolman employed by a public agency in New Orleans. The misconduct occurred when, while off duty in Alexandria at 4:45 a.m., he intentionally carried two concealed weapons on his person.[2]
The public agency had the right to expect its patrolmen to obey criminal laws regarding firearms. This violation of law by patrolman bore a relationship to his particular employment, which involved the carrying and proper use of authorized weapons. Accordingly, I agree that the misconduct was employment connected within the intendment of the broadly worded statute.[3]
NOTES
[1] "R.S. 23:1601 Disqualification for Benefits.

"An individual shall be disqualified for benefits:
* * *
"(2) If the administrator finds that he has been discharged for misconduct connected with his employment . . ."
[2] LSA-R.S. 23:1634 says in part:

"In any proceeding under this Section the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."
[3] Alexandria is outside these geographical limits.
[1] Plaintiff was originally suspended after the September 14, 1975 incident because he had been arrested. Being arrested does not constitute misconduct, and the fact of an arrest is not relevant evidence in the determination of whether a claimant is disqualified for misconduct connected with his employment.

However, the suspension was continued throught October 22 because of his violation of state law and of a written order of the employer prohibiting the carrying of weapons of that size, on or off duty, when covered by the commission to carry weapons.
[2] Plaintiff denied creating a disturbance or threatening anyone with the weapons, and there was no evidence that he did.
[3] Misconduct connected with employment is a much broader statutory requirement than misconduct in the course of employment.