[No. 6976–1.   Division One.   October 22, 1979.]

PAUL LEVOLD, *Appellant,* v. THE DEPARTMENT OF
EMPLOYMENT SECURITY, *Respondent.*

*Paul Levold,* pro se.

*Slade Gorton, Attorney General,* and *Gary Ikeda, Assistant,* for respondent.

This opinion was prepared by Judge Jerome Farris, now retired from the Court of Appeals of the State of Washington. It is adopted by the undersigned judges as the opinion of this court.

Paul Levold appeals the judgment of the trial court upholding the decision of the commissioner of the Washington State Employment Security Department that he was temporarily ineligible for unemployment benefits under RCW 50.20.060 because he had been discharged from his job for work–related misconduct. We affirm.

Levold worked for the United States Postal Service from September 1974 until his discharge in April 1975 as a part–time distribution clerk. In November 1974, he informed his supervisors that he wanted Sundays off for religious purposes. However, he does not belong to or regularly attend services of any religious organization and, after consulting his EEO officer, he did work three Sundays before Christmas and some Sundays in January and February 1975.

Levold failed to report to work on Saturday, February 15, and Sunday, February 16, 1975. He later told his supervisors that it was against his religious principles to work on Sunday and that he needed Saturday for religious preparation. He received a 5–day suspension for the unauthorized absence.

Sometime in March, Levold informed his supervisor that he did not want to work Palm Sunday or Easter Sunday or the Saturdays before. He was scheduled for the Palm Sunday weekend, March 22 and 23, but not Easter Sunday. On

March 21, appellant advised the Seattle postmaster in writing that he was unable to work March 22 or 23 due to his religious beliefs. On March 22, however, he called and requested sick leave without pay for those 2 days. On March 24, he told his supervisor his "soul was sick" and he was recorded as absent without leave. On March 27, he was informed in writing that due to the two failures to report for work as scheduled and an earlier warning for tardiness, he would be discharged on April 28, 1975.

When Levold applied for unemployment compensation, the Employment Security Department determined that he was temporarily disqualified from benefits because he had been discharged for work–related misconduct. He appealed his denial of benefits to the appeal tribunal of the department. At the hearing, Levold indicated that he was willing to work every sixth Sunday; that he only needed an occasional Saturday off; that he took off Saturday, February 15, because he had been working a lot of Saturdays; and that he had tried to move to a job that did not require weekend work. The tribunal found that Levold had deliberately failed to report for work without authorization and that such acts constituted misconduct under RCW 50.20.060.

Levold appealed to the commissioner who adopted the tribunal's finding of misconduct and, in addition, found that Levold's desire to have weekends off was not a compelling justification for his deliberate refusal to report for work and that he was not following an inexcusable religious duty.

The King County Superior Court affirmed, finding that the commissioner's decision was neither arbitrary nor capricious nor clearly erroneous, and that the denial of benefits did not violate appellant's constitutional rights.

Levold contends that the decision of the commissioner should be reversed. RCW 34.04.130 provides that the court may reverse an administrative decision only if it is arbitrary or capricious, clearly erroneous, affected by error of law, made upon unlawful procedure, in excess of statutory authority, or in violation of constitutional provisions.

These standards are applied directly to the record of the administrative proceedings. *Standow v. Spokane,* 88 Wn.2d 624, 564 P.2d 1145 (1977).

■ A finding is arbitrary or capricious if it is a "wilful and unreasoning action, in disregard of facts and circumstances." *Northern Pac. Transp. Co. v. State Util. & Transp. Comm'n,* 69 Wn.2d 472, 478, 418 P.2d 735 (1966). A finding is clearly erroneous if the court, upon review of the record, "is left with the definite and firm conviction that a mistake has been committed.'" *Ancheta v. Daly,* 77 Wn.2d 255, 259–60, 461 P.2d 531 (1969). The commissioner's findings here are neither arbitrary nor capricious nor clearly erroneous.

■ Further, there was no error of law in the commissioner's application of RCW 50.20.060 which, at the relevant time, provided that a person discharged for work–related misconduct is subject to a 10–week disqualification from unemployment benefits. In *Willard v. Employment Security Dep't,* 10 Wn. App. 437, 517 P.2d 973 (1974), we adopted the definition of misconduct which appears in *Boynton Cab Co. v. Neubeck,* 237 Wis. 249, 259, 296 N.W. 636 (1941). There misconduct is defined, *inter alia,* as "deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, . . ." Here the commissioner correctly found that Levold's repeated failure to report for work as scheduled constituted misconduct.

Levold does not contend that the procedure followed by the department was unlawful or in excess of statutory authority. He contends instead that the denial of benefits violated his First Amendment right to religious freedom, citing *Sherbert v. Verner,* 374 U.S. 398, 10 L. Ed. 2d 965, 83 S. Ct. 1790 (1963). There the benefit claimant had refused to accept Saturday work due to her religious beliefs and the Employment Security Commission of South Carolina had disqualified her from benefits for refusing to accept all suitable employment. The court held that the state's action of denying benefits violated the claimant's

476

First Amendment rights because it forced her to choose between her religion and receiving benefits.

■ Here, no such choice was forced upon Levold. He voluntarily accepted employment that conflicted with his religious beliefs. Any infringement of his religious freedom was self–imposed and therefore not violative of the First Amendment. *Hildebrand v. Unemployment Ins. Appeals Bd.*, 19 Cal. 3d 765, 566 P.2d 1297, 140 Cal. Rptr. 151 (1977).

Further, a belief or practice is protected by the First Amendment only if it is one of deep religious conviction and not merely a matter of personal preference. *Wisconsin v. Yoder,* 406 U.S. 205, 32 L. Ed. 2d 15, 92 S. Ct. 1526 (1972). Levold's desire to have some weekends off was not a belief or practice protected by the First Amendment.

Affirmed.

CALLOW, C.J., and WILLIAMS, J.

Reconsideration denied December 19, 1979.