[No. 48725-1. En Banc. December 16, 1982.]

ELEANOR M. NELSON, *Petitioner,* v. THE DEPARTMENT OF EMPLOYMENT SECURITY, *Respondent.*

*Norman R. McNulty, Jr.,* and *Richard Smith* of *Spokane Legal Services Center,* for petitioner.

*Kenneth O. Eikenberry, Attorney General,* and *John M. Sells, Assistant,* for respondent.

DOLLIVER, J.—Eleanor Nelson was a cashier for Cowles Publishing Company. On June 26, 1979, Nelson notified her supervisor at Cowles she recently had been arrested for shoplifting. Subsequently, she pleaded guilty to the charge. She received a $50 fine, a 10–day suspended jail sentence, and a 3–month deferred sentence. After advising her supervisor of the disposition of her shoplifting case, Nelson was discharged. There was nothing during her appearance in court or at the time of her arrest which served to identify her employer. The shoplifting incident occurred off her employer's premises after working hours. The basis for Nelson's discharge, however, was the employer's concern about her trustworthiness in handling cash and a fear that

the conviction would affect Nelson's relationship with other employees. She does not claim to have been improperly discharged.

After losing her job, Nelson applied for unemployment compensation from the Department of Employment Security. The Department initially denied benefits because of "misconduct connected with work". RCW 50.20.060. A departmental appeal tribunal reversed the denial of benefits, but was in turn reversed by the Commissioner of the Department. The Commissioner ruled attempted theft is "misconduct" and is "directly connected with the work" where the theft has a direct effect on the employer's confidence and trust in the employee. Nelson appealed the denial of benefits to the Spokane County Superior Court. The court concluded the act of shoplifting was not connected with her work and the denial of benefits by the Commissioner was clearly erroneous and an error of law. The Court of Appeals subsequently reversed the Superior Court and denied the benefits. *Nelson v. Department of Empl. Sec.,* 31 Wn. App. 621, 644 P.2d 145 (1982). We reverse the Court of Appeals and order Nelson's benefits reinstated.

The statute which controls the granting of benefits in this case is RCW 50.20.060, which reads:

An individual shall be disqualified from benefits beginning with the first day of the calendar week in which he or she has been discharged or suspended for misconduct connected with his or her work and thereafter until he or she has obtained work and earned wages of not less than the suspended weekly benefit amount in each of five calendar weeks. An individual who has been discharged because of a felony of which he or she has been convicted or has admitted committing and which is connected with his or her work shall be disqualified from receiving any benefits for which base year credits are earned in any employment prior to the discharge.

The question we are called upon to resolve is the meaning of the phrase "misconduct connected with his or her work". This is a case of first impression.

The Court of Appeals established a 3-part test to determine whether off-duty misconduct is connected with work so as to justify denial of unemployment benefits:

[T]he employer must show . . . that the employee's conduct (1) had some nexus with her work; (2) resulted in some harm to the employer's interest; and (3) was in fact conduct which was (a) violative of some code of behavior impliedly contracted between employer and employee, and (b) done with intent or knowledge that the employer's interest would suffer.

*Nelson,* 31 Wn. App. at 629. *See Levold v. Department of Empl. Sec.,* 24 Wn. App. 472, 604 P.2d 175 (1979); *Willard v. Employment Sec. Dep't,* 10 Wn. App. 437, 517 P.2d 973 (1974).

Plaintiff urges us to reject the test of the Court of Appeals and to adopt the standards set forth in Kempfer, *Disqualifications for Voluntary Leaving and Misconduct,* 55 Yale L.J. 147 (1945):

The concept of connection with the work is one which can best be delimited by the gradual process of inclusion or exclusion as the cases arise, rather than by an attempt to frame a precise definition. Circumstances to be considered are whether the act occurred during the hours of employment, whether it occurred on the employer's premises, whether it occurred while the employee was engaged in his work, and whether the employee took advantage of the employment relation in order to commit the act. However, the presence or absence of any one of these circumstances is not conclusive.

55 Yale L.J. at 166. Plaintiff would go further and require any action by an employee to be on the job before it could constitute misconduct. We believe confining RCW 50.20.060 to activities on the job is too narrow. There may well be occasions when a reasonable person would conclude misconduct off the job is in fact connected with the work of the employee. As to the Kempfer standards, they are not really standards at all and seem to us to give little real guidance upon which employers, employees, the Department, or courts could rely. *See* Annot., *Conduct or Activities of Employees During Off-Duty Hours as Misconduct Barring*

*Unemployment Compensation Benefits,* 89 A.L.R.2d 1089 (1963 & Supp. 1979).

■ Rather, we adopt the rule developed by the Court of Appeals in *Nelson v. Department of Empl. Sec., supra,* with one change. The Court of Appeals required the employer to demonstrate conduct "violative of some code of behavior *impliedly* contracted between employer and employee". (Italics ours.) We believe to insert the word "impliedly" in the test makes it far too broad. If, as alleged here, certain conduct would go to the nexus of the employee's work and would result in harm to an employer's interest, it is reasonable to require this conduct must be the subject of a contractual agreement between employer and employee. This agreement need not be a formal written contract between employer and employee and may be reasonable rules and regulations of the employer of which the employee has knowledge and is expected to follow. *See* Note, *Unemployment Compensation—Misconduct—Disqualification for Violation of an Off–Duty Regulation,* 1962 Wis. L. Rev. 392.

In applying the Oregon statute, which is identical to the Washington statute, the Oregon Court of Appeals made the following statement with which we concur:

> [W]here the conduct or activities for which the claimant is discharged occurred off the working premises and outside the course and scope of employment, the employer must, in order to show that the conduct is work–connected, point to some breach of a rule or regulation that has a reasonable relation to the conduct of the employer's business.

*Giese v. Employment Div.,* 27 Or. App. 929, 935, 557 P.2d 1354 (1976). *See Sain v. Labor & Indus. Relations Comm'n,* 564 S.W.2d 59 (Mo. Ct. App. 1978); *Johnson v. Board of Comm'rs,* 348 So. 2d 1289 (La. Ct. App. 1977). *See also Ramsey v. Employment Sec. Agency,* 85 Idaho 395, 379 P.2d 797 (1963).

We adopt the rule that in order to establish misconduct connected with an employee's work as required by RCW

50.20.060 the employer must show by a preponderance of the evidence that a reasonable person would find the employee's conduct: (1) had some nexus with the employee's work; (2) resulted in some harm to the employer's interest; and (3) was in fact conduct which was (a) violative of some code of behavior contracted for between employer and employee, and (b) done with intent or knowledge that the employer's interest would suffer.

Applying this rule to the case before us, it is evident the employee must prevail. Nowhere in the findings of fact of the Appeal Tribunal of the Department of Employment Security (also adopted by the Superior Court with one irrelevant exception) is there any indication the misconduct in fact violated any rules or regulations of the employer or a code of behavior agreed to between the employer and the employee. Under these facts plaintiff is entitled to her unemployment benefits.

The Court of Appeals is reversed.

BRACHTENBACH, C.J., STAFFORD, UTTER, WILLIAMS, DORE, DIMMICK, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration denied February 25, 1983.