483 So.2d 1183 (1986)
Eric A. DUBUCLET
v.
DIVISION OF EMPLOYMENT SECURITY OF the DEPARTMENT OF LABOR and the Orleans Parish School Board.
No. CA-4009.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1986.
Rehearing Denied March 19, 1986.
Writ Denied May 16, 1986.
Larry Samuel, New Orleans, for plaintiff.
Ann M. Metrailer, Baton Rouge, for defendants.
Before GULOTTA, BYRNES, and LOBRANO, JJ.
GULOTTA, Judge.
A discharged teacher in the Orleans Parish school system appeals from the trial court's judgment upholding the Board of *1184 Review's affirmation of an order denying him unemployment benefits. We affirm.
On July 11, 1983, Eric Dubuclet, a classroom teacher employed by the Orleans Parish School Board, pled guilty under the expungement statute, LSA-R.S. 40:983, to a violation of LSA-R.S. 40:966(C), possession of marijuana. Subsequently, Dubuclet was discharged from his employment by the Orleans Parish School Board.
Dubuclet was denied unemployment benefits by the administration because of his discharge for employment-related misconduct. After a hearing on December 6, 1983, the appeals referee concluded that Dubuclet had been discharged by his employer for immorality and that he should be disqualified under LSA-R.S. 23:1601(2) from receiving unemployment benefits because of his "misconduct connected with his employment" and because he had acted contrary to the best interest of his employer. The board of review affirmed the decision, which was subsequently upheld on appeal to the District Court.
Appealing, plaintiff contends the evidence is insufficient to support the findings of fact by the appeals referee and that his guilty plea under the expungement statute cannot be used against him to establish misconduct connected with employment. Dubuclet argues that under LSA-R.S. 40:983 when a guilty plea is entered in these cases after probation conditions have been met, a defendant is discharged "without court adjudication of guilt and shall not be deemed a conviction...." He further contends that his former employer and the Department of Employment Security are estopped from contesting his eligibility for unemployment benefits because his employer did not file the required separation notice with the Department of Employment Security within 72 hours after his termination. (See R.S. 23:1601(8); R.S. 23:1576)
At the hearing before the appeals referee, Dr. Frank Fedesco, the employee relations officer of the New Orleans Public School System, testified that Dubuclet had been employed as a classroom teacher by the Orleans Parish School Board from September 19, 1975 until his termination on August 29, 1983. According to Fedesco, Dubuclet, while on his way to school, was arrested in his car for possession of marijuana. After suspending Dubuclet, the School Board subsequently found him "guilty of immorality" and terminated plaintiff.
Although Dubuclet testified that he had been arrested and pled guilty to possession of marijuana under the expungement statute, and that the charge had already been dismissed and expunged, he denied that his arrest occurred while en route to school.
LSA-R.S. 23:1634 limits judicial review in unemployment compensation proceedings to questions of law. The findings of the Board of Review are conclusive if supported by sufficient evidence. Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
To deny a discharged employee unemployment benefits, there must be a relationship between the misconduct and his employment. South Central Bell Telephone Co. v. Sumrall, 414 So.2d 876 (La.App. 4th Cir.1982). However, this misconduct need not "occur while working on the job, but can be off the job". Johnson v. Bd. of Comr's. of Port of New Orleans, 348 So.2d 1289 (La.App. 4th Cir.1977).
In Johnson an off-duty patrolman with the Port of New Orleans was discharged for carrying concealed weapons in violation of Port rules. He was denied unemployment compensation on the ground that he "violated the regulations concerning his conduct to the detriment of his employer and its duty to the citizens of the State." Similarly, in South Central Bell Telephone Co. v. Sumrall, supra, an off-duty cable slicer was discharged for being in possession of cocaine, marijuana and Dizepam (valium), which was in violation of a company policy. The employee was denied unemployment compensation on the grounds that "(t)he rule against drug possession and usage promulgated by Bell was reasonable in light of the duty with which a public utility is charged". Supra, at p. 878.
*1185 In the instant case, plaintiff was employed in a public school as a classroom teacher and served the public in a highly sensitive position. As noted by the appeals referee, because of the nature of plaintiff's employment, it is particularly important that plaintiff's conduct both on and off duty be above reproach. We therefore conclude that plaintiff's testimony that he had been arrested and pled guilty to possession of marijuana supports a finding of misconduct related to his employment that is sufficient to deny him any employment compensation pursuant to LSA-R.S. 23:1601(2).
In so holding, we are not persuaded by plaintiff's reliance on the expungement statute, LSA-R.S. 40:983, which provides that a guilty plea for a first offender for possession of marijuana shall be dismissed without court adjudication of guilt and shall not be deemed a conviction. The statutory expungement of one's criminal record does not erase the fact that the party committed the act, nor does it erase the moral turpitude of his conduct. Thus, even though plaintiff's plea of guilt under the statute may not constitute a criminal conviction as a matter of record, his possession of an illegal drug nonetheless remains an act of "misconduct" and "immorality" that constitutes grounds for disqualifying him from unemployment compensation benefits.
We likewise reject plaintiff's argument that his former employer and the Department of Employment Security are estopped to contest his eligibility because the Orleans Parish School Board failed to give a notice to the Department of Employment Security within 72 hours after separation of service, as mandated under LSA-R.S. 23:1576 and LSA-R.S. 23:1601(8).
The record does not indicate whether the Orleans Parish School Board notified either the administrator of the Office of Employment Security, or plaintiff, within a 72 hour period after its decision to terminate plaintiff on October 17, 1983. Assuming that no notice was sent by the employer, however, it is clear that notice of disqualification was sent to both plaintiff and his employer by the administration of Employment Security sometime after October 23, 1983, when plaintiff filed for benefits. It is clear also that when Dubuclet filed for unemployment benefits he stated on the claim form that School Board members had discharged him for "immorality" and that he did not think his conditional plea of guilty under LSA-R.S. 40:983 should have been used for disqualification. A reasonable conclusion can be made, in view of the information set forth on the claim form, that both Dubuclet and the administrator were aware of the reasons for plaintiff's termination.
The obvious requirement for statutory notice is to allow a claimant opportunity to pursue his right of review of the administrator's findings before the appeals referee and the Board of Review. In the instant case, Dubuclet timely pursued every available avenue of review and was not prejudiced by the failure of notice requirements placed on the employer, if, indeed, the notice requirements were not met.
Under these circumstances, we find no merit to Dubuclet's argument.
Having so concluded, we affirm the judgment.
AFFIRMED.