EDWARDS, Judge.
The employer seeks review of the district court’s reinstatement of unemployment benefits to plaintiff-employee. We reverse.
Plaintiff-appellee, Robert H. Sensley, Jr., is an assistant manager with McDonald’s. Plaintiff was arrested for possession of marijuana with intent to distribute and possession of cocaine on October 21, 1987, after a search of his home produced the drugs. He was held in jail for two days and missed one day of work on October 22, 1987. An unidentified caller notified McDonald’s, halfway through Mr. Sensley’s shift, that Mr. Sensley was out of town on family business. Mr. Sensley met with his supervisors on October 23 and advised them of his arrest. Mr. Sensley was suspended by McDonald’s, without pay and effective November 3, pending resolution of the criminal charges against him. McDonald’s based its decision on the following grounds:
1. Drugs were found in the employee’s home, and criminal charges were pending;
2. The employee was a manager and subject to the management manual which required the employee to conduct himself in a manner that would protect the family-oriented image of the company;
3. McDonald’s employs a large number of young people as a first employer;
4. McDonald’s wants management to promote good standards for its employees, and the store employees were aware of the arrest;
5. The manager-employee’s duties included hiring and orienting new crew members, one aspect of which was coverage with the new employee of the issue of drug and alcohol use;
6. Continued employment while criminal charges for drug possession were pending was not in the best interest of McDonald’s.
Mr. Sensley applied for unemployment benefits while he was suspended from work. He signed a statement of claim to the Office of Employment Security, Louisiana Department of Labor, which stated that the drugs were found in his house, but that he was holding them for someone else. The Office of Employment Security disqualified the plaintiff, Mr. Sensley, from benefits, noting that he was suspended for misconduct connected with the employment. Plaintiff appealed the determination to the Appeals Tribunal. A hearing was conducted by an administrative law judge. The hearing judge found that drugs were present at the employee’s residence and held that the employee was suspended for misconduct connected with the employment. The plaintiff appealed to the Louisiana Board of Review which adopted the findings of fact of the hearing judge and upheld the disqualification from benefits.
After the administrative review process, Mr. Sensley filed a petition in the district court which named McDonald’s and the Office of Employment Security as defendants and sought judicial review of the decision of the board. The district court *789 found that without a specific guideline covering the illegal use or possession of drugs while off duty, the employer could not regulate the employee’s after-work behavior. Therefore, the court held that without a specific guideline, the misconduct was not connected with the employment. The employee’s benefits were reinstated.
The employer, McDonald’s, appealed the decision of the district court. Error was assigned to the standard of review used by the court and to the court’s interpretation of “misconduct connected with employment.”
The proper standard of review is found in LSA-R.S. 23:1634, which provides that “[i]n any proceeding under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” It is not the court’s role to determine credibility or weigh the evidence. Southeastern Louisiana University v. Shelton, 431 So.2d 432, 435 (La.App. 1st Cir.1983).
An employee who engages in misconduct connected with his employment is disqualified from receiving unemployment compensation benefits. LSA-R.S. 23:1601(2). “Misconduct” is defined as intentional wrongdoing. Banks v. Administrator of the Department of Employment Security, 393 So.2d 696, 699 (La.1981). The term, “connected with employment," is given a broader definition than the term, “in the course of employment.” Grimble v. Brown, 247 La. 376, 171 So.2d 653, 655-56, cert. denied, 382 U.S. 861, 86 S.Ct. 123, 15 L.Ed.2d 99 (1965). However, there must be some type of relationship between the misconduct and the employment. South Central Bell Telephone Co. v. Sumrall, 414 So.2d 876, 877 (La.App. 4th Cir.), cert. denied, 420 So.2d 456 (La.1982). To be connected with employment, the misconduct must emanate from a willful or wanton disregard of the employer’s interest, from an intentional breach of the employer’s rules, or from a direct disregard of the standard of behavior which the employer has a right to expect from his employees. Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984). It is not necessary that the misconduct occur during working hours. Grimble, 171 So.2d at 655-56; Johnson v. Board of Commissioners, 348 So.2d 1289, 1291 (La.App. 4th Cir.1977). Off duty criminal activity, without a conviction, can constitute misconduct that is connected with or related to the employment. Mattox v. Administrator, Division of Employment Security, 528 So.2d 661, 664-65 (La.App. 2d Cir.1988). See also Eugene v. Administrator, Division of Employment Security, 525 So.2d 1185, 1186-87 (La.App. 5th Cir.1988); South Central Bell Telephone Co., 414 So.2d at 877-78.
The significant findings of fact that were adopted by the board of review were:
1. Drugs were found at the employee’s residence;
2. Employee was charged with possession of marijuana with intent to distribute and simple possession of cocaine;
3. Employee was suspended, pending the outcome of the criminal charge;
4. At the hearing, the employee refused to give detailed testimony as to his knowledge of the presence of drugs in his home.
The board of review affirmed the holding of the administrative law judge. The judge found that the employee was expected to conduct himself off duty in a manner that would protect his employment, that the employee had not acted in the best interest of McDonald’s, and that the employer had proved by a preponderance of the evidence that the misconduct was connected with employment.
Testimony and documentary evidence submitted at the administrative hearing showed that Mr. Sensley was a management-level employee who worked with crew members, some of whom were young. The employee was involved in the hiring and orientation of these crew members. Based on a management manual, McDonald’s expected its managers to conduct themselves in a way that would reflect well on the company and its image. Drugs were found at Mr. Sensley’s residence and criminal charges were pending.
*790 Because of the nature of the employment, working in a family style restaurant with young employees, and helping to orient them to the rules, McDonald’s could expect a certain standard of behavior from its management-level employees. See Dubuclet v. Division of Employment Sec., 483 So.2d 1183, 1185 (La.App. 4th Cir.), cert. denied, 488 So.2d 693 (La.1986). The plaintiff-employee’s voluntary acceptance of drugs in his home was a direct disregard of these standards. See Eugene, 525 So.2d at 1187. In the plaintiff-employee’s particular situation, pending criminal charges for possession of drugs would undermine his credibility with the crew members and his ability to orient and supervise the crew.
Disqualification from benefits, because of misconduct connected with employment, depends on the facts of each case as presented by the documents and testimony in evidence. Southeastern, 431 So.2d at 436; Johnson, 348 So.2d at 1291. Under the circumstances of this case, it was not necessary that the employer have a specific management guideline prohibiting the illegal use or possession of drugs for the misconduct to constitute a direct disregard of the standards McDonald’s had a right to expect.
We conclude, after a review of the record, that there was sufficient evidence to support the findings of fact and the affirmance of the board of review decision. There was a reasonable basis for the connection of the misconduct with the employment, and, therefore, the holding of the board of review should not have been overturned.
We reverse the judgment of the district court and reinstate the findings of the board of review.[1]
REVERSED.

. Costs may not be assessed against the employee, Sensley, LSA-R.S. 23:1692, nor the Office of Employment Security, LSA-R.S. 23:1548. It would not be equitable, under the circumstances, to assess the costs against the employer, McDonald’s. Thus, the costs must be absorbed by the Clerk of this court and the Clerk of the trial court.