**Fredonia HUNNICUTT, Appellant,**

v.

**TEXAS EMPLOYMENT COMMISSION and Collingsworth General Hospital, Appellees.**

No. 07–95–0326–CV.

Court of Appeals of Texas, Amarillo.

June 30, 1997.

Rehearing Overruled Aug. 18, 1997.

---

1. Bryant Terrell pleaded guilty after the trial began, and the trial ended with only Donte Terrell before the court.

James Rasmussen, Wichita Falls, for appellant.

Attorney General's Office, Dan Morales, Jorge Vega, Laquita Hamilton, Lucy Glover, Anthony Aterno, Austin, G. Keith Davis, Wellington, for appellees.

Before BOYD, C.J., DODSON, J., and REYNOLDS, Senior Judge.*

DODSON, Justice.

We substitute this opinion in lieu of our opinion in this case dated April 29, 1997.

Fredonia Hunnicutt (Hunnicutt) appeals the trial court's judgment sustaining the T.E.C.'s order denying her claim for unemployment benefits because of misconduct connected with her last employment at the Collingsworth General Hospital (Hospital). Among other things, Hunnicutt claims the trial court erred by determining there was substantial evidence to support T.E.C.'s order denying her unemployment benefits. Concluding that the evidence fails to show a factual link or nexus between Hunnicutt's misconduct and her last work, we reverse and render.

The record shows that Hunnicutt's terminating misconduct occurred on July 1, 1994.

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 1997).

At that time, Hunnicutt was 52 years old, had worked at the Hospital for approximately 25 years, and was a housekeeping supervisor at the Hospital. Hunnicutt's misconduct which caused her discharge occurred away from the Hospital premises (i.e., at a private residence), during her off-duty hours, and for matters completely unrelated to her Hospital work.

Hunnicutt's misconduct occurred at the home of her husband's paramour. Earlier, on the evening of the occurrence, Hunnicutt was at her own home helping her daughter unpack moving boxes. Her daughter had just returned to Texas from North Carolina. While helping her daughter unpack, Hunnicutt received an unwelcome phone call from her husband's paramour. Being upset by the phone call, Hunnicutt proceeded to the paramour's residence to confront her concerning this latest telephone call and numerous other unwelcome calls to the Hunnicutt's home. Shortly after Hunnicutt arrived at the paramour's home, an argument ensued between the two women which eventually erupted into a physical altercation. During the course of this incident, Hunnicutt took a box cutter from a coat pocket and cut her husband's paramour.

As a result of the altercation, Hunnicutt was charged with, indicted for, and pleaded guilty to aggravated assault. Under a plea bargain, Hunnicutt was placed on deferred adjudication probation for a period of four years. Shortly after the incident occurred, Hunnicutt reported it to her supervisor at the Hospital. He took no action. After she pleaded guilty, the new hospital administrator (i.e., a different person) informed her that she would be dismissed for her conduct. She was formally dismissed on October 5, 1994 for violation of the Hospital's employee conduct policy, which states in pertinent part that an employee is subject to discharge for performing malicious acts or destructive acts harmful to persons, or serious breaches of accepted standards of conduct and/or safety.

■ We agree with Hunnicutt's first point of error contention that the trial court erred by concluding that substantial evidence supports the T.E.C.'s order denying her benefits. Review of a T.E.C. decision is by a substantial evidence standard. *Nuernberg v. Texas Employment Comm'n,* 858 S.W.2d 364, 365 (Tex.1993). Whether there is substantial evidence to support the challenged decision is purely a matter of law. *Levelland Ind. Sch. Dist. v. Contreras,* 865 S.W.2d 474, 478 (Tex.App.—Amarillo 1993, writ denied); *Madisonville Sch. Dist. v. Employment Com'n,* 821 S.W.2d 310, 314 (Tex.App.—Corpus Christi 1991, writ denied). In this regard, there must be substantial evidence to establish each element of the disqualification rules.

The issue before us in this case is whether Hunnicutt's conduct that led to her dismissal from the Hospital was conduct that was "connected with her last work" as contemplated in § 207.044(a) of the Texas Labor Code. In support of their position that Hunnicutt's conduct did fall within the meaning of the statutory language, the T.E.C. and the Hospital rely on *Texas Employment Commission v. Ryan,* 481 S.W.2d 172 (Tex.Civ. App.—Texarkana 1972, no writ). In *Ryan,* the employee was discharged after he took an oxygen bottle and its contents from the plant premises of his employer while he was off-duty, in violation of the employer's policy against purloining company property. We agree with the *Ryan* court's disposition because there was a nexus or factual link between Ryan's misconduct and his work. Nevertheless, we disagree with the *Ryan* court's rationale.

The purpose and language of the statute in effect at the time the *Ryan* case was decided is the same as that found in the statute today. Upon enacting the Unemployment Compensation Act in 1936, the legislature expressly stated that the purpose of the statute is "to provide an orderly system of contributions for the care of the *justifiably unemployed* ..." Unemployment Compensation Act, 44th Leg., 3rd C.S., ch. 482, § 1, 1936 Tex. Gen. Laws 1993 (emphasis added). Section 207.044(a) of the Texas Labor Code, which governs disqualification for unemployment benefits when an individual is discharged for misconduct, states that the individual is not entitled to benefits if that individual "was discharged for *misconduct connected with the individual's last work.*"

Tex. Lab.Code Ann. § 207.044(a) (Vernon 1996) (emphasis added).

In analyzing the statute quoted above, the *Ryan* court concluded that "[T]he language of the statute, in view of its purpose, comprehends more than misconduct in the performance of the work; *it requires abstinence from conduct that would justify an employer in discharging an employee.*" (Emphasis added.) *Texas Employment Commission v. Ryan*, 481 S.W.2d at 177. In essence, the *Ryan* court construed the statute to mean that *any* conduct which justifies an employer in discharging an employee is "conduct connected with the individual's last work." We are persuaded this construction unduly limits an employee's access to unemployment benefits.

■ *Ryan* conflicts with the majority of courts across the country who have construed the same statutory language. These courts have generally concluded that although an employer may have sufficient justification for discharging an employee, that justification is not always grounds for denying unemployment benefits to the discharged employee. *See, Fitzgerald v. Globe–Union, Inc.*, 35 Wis.2d 332, 151 N.W.2d 136, 139–40 (1967); *Giese v. Employment Division*, 27 Or.App. 929, 557 P.2d 1354, 1356 (1976); *Jackson v. Bd. of Review of Dept. of Labor*, 105 Ill.2d 501, 86 Ill.Dec. 500, 503–04, 475 N.E.2d 879, 882–83 (1985). This is the better and more logical view of the statutory language, because it disqualifies only those persons who engage in misconduct having an actual connection with the work from receiving unemployment benefits, which is the express requirement of the statute.

■ Furthermore, it is a well established rule of statutory construction that a statute must be construed to give full effect to all words and phrases contained therein, and that "one provision will not be given a meaning out of harmony or inconsistent with other provisions." *Black v. American Bankers Insurance Company*, 478 S.W.2d 434, 437 (Tex. 1972). The *Ryan* court's construction of the statutory language renders the phrase "connected with the individual's last work" found in § 207.044(a) virtually meaningless. Therefore, we decline to follow the rationale of the Texarkana Court in *Texas Employment Commission v. Ryan*.

We now must determine the meaning of the statutory phrase "misconduct connected with the individual's last work." Misconduct is defined by the statute as:

... mismanagement of a position of employment by action or inaction, neglect that jeopardizes the life or property of another, intentional wrongdoing or malfeasance, intentional violation of a law or violation of a policy or rule adopted to ensure the orderly work and the safety of employees.

Tex. Lab.Code Ann. § 201.012 (Vernon 1996). It is evident from the record that Hunnicutt engaged in misconduct under the statutory definition. However, the misconduct must also be "connected with the individual's last work." The statute does not define this phrase, and our research reveals no other reported Texas case besides *Ryan* which has construed this phrase. Accordingly, we look to other jurisdictions where the courts have construed the phrase "connected with the individual's last work," or similar language which, like the Texas statute, contains no statutory definition of the phrase.

As stated above, the majority of courts construing this statutory language agree that "every justifiable discharge does not disqualify the discharged employee from receiving employment benefits." *See, Giese v. Employment Division*, 557 P.2d at 1356. These courts also generally agree that misconduct connected with the employee's work is not specifically limited to misconduct occurring during the hours of employment and on the employer's premises. *O'Neal v. Employment Security Agency*, 89 Idaho 313, 404 P.2d 600, 603 (1965). The divergence between jurisdictions lies in the degree of the connection that must be shown between the employee's misconduct and the employee's "last work."

■ We are persuaded by that line of cases which conclude that there must be some concrete, as opposed to abstract, nexus between the individual's misconduct and the individual's "last work." *See, Nelson v. Dept. of Employment Sec.*, 98 Wash.2d 370, 655

P.2d 242 (1982); *National Gypsum v. State Employment Sec. Bd. of Review,* 244 Kan. 678, 772 P.2d 786 (1989); *Jackson v. Bd. of Review of Dept. of Labor,* 86 Ill.Dec. at 506, 475 N.E.2d at 885.[1] This conclusion properly focuses the inquiry on the misconduct's connection to the work, rather than the employer's justification in dismissing the employee.

We are particularly persuaded that the Washington Supreme Court case of *Nelson v. Department of Employment Security* proscribes the modern and accepted general rule for construction of the phrase. The court in *Nelson* construed a Washington statute that is very similar to the Texas statute in that the phrase "connected to the individual's last work" is not defined in the statute. The *Nelson* court stated:

> We adopt the rule that in order to establish misconduct connected with an employee's work as required by RCW 50.20.060 the employer must show ... that a reasonable person would find the employee's conduct: (1) had some nexus with the employee's work; (2) resulted in some harm to the employer's interest; and (3) was in fact conduct which was (a) violative of some code of behavior contracted for between employer and employee, and (b) *done with intent or knowledge that the employer's interest would suffer.* (Emphasis added.)

■ Accordingly, we conclude that, to establish that an individual's misconduct is "connected with the individual's last work" under § 207.044(a) of the Texas Labor Code, substantial evidence must show that the employee's misconduct: (1) had some nexus with the employee's work; (2) resulted in some harm to the employer's interest; and (3) was in fact conduct which was (a) violative of some code of behavior contracted for between employer and employee, and (b) done with intent or knowledge that the employer's interest would suffer. In this connection, we point out that the code of behavior contracted for between the employer and employee need not be a formal written contract between employer and employee; however, it must be reasonable and have a reasonable

relationship to the employer's business interest.

Applying the above-stated rule to the case before us, it is evident that Hunnicutt must prevail. Hunnicutt's misconduct was a crime of passion (i.e., an angry outburst) directed at her husband's paramour. There is no evidence to show that Hunnicutt's angry outburst against her husband's paramour was connected with her duties as a housekeeping supervisor at the Hospital. "There is no merit to the argument that an act of misconduct relating to the private life of an employee is connected with his employment." *National Gypsum Co. v. State Employment Sec. Bd. of Review,* 772 P.2d at 792. Therefore, the first element of the above-stated rule was not established by substantial evidence. Accordingly, we conclude that the substantial evidence fails to show a factual link or nexus between Hunnicutt's misconduct and her work as a housekeeping supervisor at the Hospital. We sustain Hunnicutt's first point of error.

■ By point of error two, Hunnicutt asserts the trial court erred in determining Texas Labor Code § 207.007, governing fees of a claimant's counsel, to be constitutional because the Code expressly makes it illegal for a claimant's counsel to charge for his services in prosecuting a judicial review action for denial of employment benefits. We note that the trial court's review of the T.E.C.'s decision is limited only to determining whether there is substantial evidence to support the decision of the Commission. *Mercer v. Ross,* 701 S.W.2d 830, 831 (Tex. 1986). Because attorney's fees were not requested by Hunnicutt, and neither awarded nor denied by the Commission, they formed no part of the Commission's decision from which Hunnicutt appealed. Consequently, any challenge to the constitutionality of § 207.007 relating to attorney's fees was not properly before the trial court and is not properly before this Court. Even though Hunnicutt's second point of error must be overruled, nevertheless, the trial court's determination on the constitutionality of

---

1. For a discussion of the cases which hold contrary to these cases, such as *Texas Employment Commission v. Ryan,* 481 S.W.2d 172, supra, *see*

*Nelson v. Employment Sec. Dept.,* 31 Wash.App. 621, 644 P.2d 145, 149 n. 1 (1982).

§ 207.007 as to attorney's fees must be reversed and set aside for lack of jurisdiction.

In sum, we sustain Hunnicutt's first point of error and overrule her second point of error. Accordingly, we reverse the trial court's judgment and render judgment that Fredonia Hunnicutt is hereby entitled to unemployment compensation benefits as proscribed by Chapter 207, Employment Services and Unemployment Benefits of the Texas Labor Code.

We acknowledge that T.E.C. and Collingsworth General Hospital have each filed a motion for rehearing directed at our original opinion dated April 29, 1997, and our resulting judgment. Since that opinion and resulting judgment are withdrawn and this opinion and resulting judgment are substituted in lieu thereof, we overrule those motions for rehearing as moot.