2GUIDRY, J.
The Louisiana Department of Labor, Office of Employment Security (OES) seeks review of the district court’s reinstatement of unemployment benefits to an employee. For the following reasons, the judgment of the district court is reversed.
FACTS AND PROCEDURAL HISTORY
Lee H. Clark began working for American Building Maintenance as a janitor on October 9, 2000. Clark earned $6.00 per hour, and was scheduled to work from 3:00 p.m. to 7:00 p.m., Monday through Friday.
In early October 2001, Clark asked her supervisor, Larry Turner, for a vacation. According to Turner, he told Clark that he would have to get someone to replace her because her assignment was in the Investigative Division of the Department of Justice, which required anyone working in that area to have a security clearance. Turner told Clark he would work on getting a replacement. Approximately one week later, Clark went on vacation without any further notice to Turner that she was not reporting to work.
According to Turner, he was not aware of when Clark was going to take off for her vacation, and at no time was he ever informed of the dates of her intended vacation. Turner worked Clark’s assignment for three days until he was able to fill Clark’s position. When Clark attempted to return to work on October 19, 2001, she was told that she had been discharged because she had not shown up for three consecutive days.
Clark applied for unemployment compensation benefits. The OES determined that Clark was discharged under non-disqualifying conditions; that her discharge was not for misconduct connected with her employment, and no disqualification was assessed. Clark was eligible to receive unemployment insurance benefits.
IsAmerican Building Maintenance appealed the initial decision of OES. The appeal involved a hearing before an administrative law judge where Turner appeared and testified. Clark did not attend the hearing. Following the hearing, the administrative law judge determined that Clark had been discharged for misconduct connected with her employment. The administrative law judge ordered that Clark be disqualified from receiving unemployment insurance benefits.
Clark appealed the administrative law judge’s decision with the Louisiana Board of Review. The board of review adopted the administrative law judge’s findings as its own and ordered the decision be affirmed. Clark sought judicial review of the decision of the board of review. The district court reversed the board of review’s decision to deny unemployment insurance benefits. OES appeals the judgment on the basis that the district court applied the wrong standard of review when it reversed the decision of the board of review.
DISCUSSION
Louisiana Revised Statute 23:1634(B) provides, in pertinent part:
In any proceeding under this Section the findings of the board of review as to the *411 facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.
Judicial review of the findings of fact by the agency does not permit the weighing or re-evaluation of evidence, drawing of inferences, or the substitution of the views of the reviewing court for that of the agency. Billman v. Sumrall, 464 So.2d 382, 385 (La.App. 1st Cir.1985). It is not the court’s role to determine credibility. Sensley v. Administrator, Office of Employment Security, 552 So.2d 787, 789 (La.App. 1st Cir.1989).
14Misconduct that would disqualify a claimant from eligibility for employment benefits is defined in La. R.S. 23:1601(2)(a) as “mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others.” The issue of whether an employee’s discharge resulted from disqualifying misconduct is primarily a factual one to be determined by the administrative law judge and the board of review in an unemployment compensation proceeding. Banks v. Administrator, Department of Employment Security of the State of Louisiana, 393 So.2d 696, 699 (La.1981).
During the hearing before the administrative law judge, two conflicting statements made by Clark were introduced into the record. The first statement was made to OES on November 6, 2001, wherein Clark acknowledged, “I did take a vacation not knowing if I had been given official permission.” The second statement made by Clark indicated that she had given her supervisor three weeks’ notice prior to going on vacation, and that she had obtained her supervisor’s approval for her vacation. Clark did not attend the hearing before the administrative law judge.
Turner testified at the hearing before the administrative law judge. According to Turner, Clark asked for a vacation, but did not indicate when she would be absent. Turner discovered Clark had gone on vacation when one of her coworkers told him she had left for vacation. While Clark was on vacation, Turner was able to secure a replacement.
Clark missed a week of work. Upon Clark’s return on October 19, 2001, Turner informed her she was being discharged for being absent from work for |fithree consecutive days without notifying him. According to the company’s handbook, such conduct is considered a voluntary resignation.
Following the hearing, the administrative law judge determined Clark’s conduct met the definition of misconduct under La. R.S. 23:1601(2)(a) in that Clark did not inform her employer of when she would be taking vacation and left without notification to her employer. Under these circumstances, Clark’s discharge was for misconduct connected to her employment. A majority of the board of review found no justification for reversing or modifying the decision of the administrative law judge and adopted those findings as its own.
When Clark sought judicial review of her disqualification from unemployment benefits, she was allowed to testify before the district court. Clark testified that her supervisor had given her permission to take a vacation. Following the taking of Clark’s testimony and review of the administrative record, the district court found the record did not support the decision of the board of review and reinstated Clark’s benefits.
At best, Clark’s testimony before the district court created an issue of credibili *412 ty regarding whether Clark had ever been given permission to take a vacation. However, the administrative law judge had already resolved the credibility issue regarding Clark. Although the district court improperly accepted new evidence in the form of Clark’s testimony, the district court is limited to reviewing whether the facts as found by the board of review are supported by sufficient evidence and to considering questions of law.[1] After reviewing the record, we conclude that there was sufficient evidence to support the findings of fact used to disqualify Clark for receiving unemployment compensation. Clearly, | fithe district court erred in substituting its view of which evidence was more credible. Accordingly, the decision of the district court is reversed and the decision of the board of review is reinstated.
CONCLUSION
The' judgment of the district court is reversed, and the decision of the board of review finding that Lee Clark is disqualified from receiving unemployment compensation benefits is reinstated. According to La. R.S. 23:1692 and La. R.S. 23:1548, costs may not be assessed against the employee, Clark, or the Office of Employment Security. Nor would it be equitable under the circumstances to assess the costs against the employer, American Building Maintenance. Thus, the Clerk of this court and the Clerk of the trial court must absorb the costs. See Sensley, 552 So.2d at 790 n. 1.
REVERSED.

. Louisiana Revised Statutes 23:1634(B) states that the district court shall not receive any additional evidence. The taking of additional evidence by the district court is error. Landry v. Shell Oil Company, 597 So.2d 521, 525 (La.App. 1st Cir.1992).