2003 SD 76

**Michael JORENBY, Appellant,**

v.

**SOUTH DAKOTA DEPARTMENT OF LABOR, Unemployment Insurance Appeals,**

and

**Global Polymer Industries, Inc., Appellees.**

No. 22668.

Supreme Court of South Dakota.

Considered on Briefs May 27, 2003.

Decided July 2, 2003.

Ronald C. Aho, Brookings, for appellant.

Lawrence E. Long, Attorney General, Pierre and Drew C. Johnson, Special Assistant Attorney General, Aberdeen, for appellee SD Department of Labor.

Richard J. Helsper of Glover, Helsper & Rasmussen, Brookings, for appellee Global Polymer Industries, Inc.

SABERS, Justice

[¶ 1.] The circuit court affirmed the Department of Labor's (Department) denial of unemployment benefits to Michael Jorenby. Jorenby appeals claiming he was not discharged for work-related misconduct and is therefore entitled to unemployment benefits. We affirm.

**FACTS**

[¶ 2.] The facts in this case are undisputed. Jorenby was employed by Global Polymer Industries Incorporated (Employ-

er): Employer operates in a very narrow field of competition and its work processes are considered top-secret. Employer suspects that one of its few competitors was started by someone who gained information regarding the process from Employer. To protect its secrets, Employer requires a written agreement from its employees that they will not allow non-employees into its plant without Employer's prior consent. Jorenby signed such an agreement and was also verbally informed of the rule. Despite the verbal and written agreements, before the incident that caused his termination, Jorenby walked his girlfriend through the plant. After that incident, Employer informed him that if he allowed another non-employee into the facility without permission, he would be terminated. The warning did not prevent Jorenby from disregarding the rule again.

[¶ 3.] On January 20, 2002, while Jorenby was working, a former employee arrived at the facility. While he was visiting with the former employee, Jorenby announced that he needed to go back into the plant to retrieve a tool. The former employee asked to go along, stating she would like to see how the machines looked. Jorenby testified that the former employee was curious to see the machines because before leaving Employer, she had helped "fix up" and set up the machines, but had not seen them operating. Claimant was initially hesitant, but eventually allowed the former employee to join him. Jorenby contends that he decided to allow her in because she had helped set up the machines and because she "had worked there two times before and [I] figured she knew most of what was going on." Jorenby was terminated when Employer discovered he had walked the former employee through the facility.

[¶ 4.] Jorenby applied for unemployment benefits. A hearing was held before an administrative law judge (ALJ) who determined that Jorenby was not terminated for work-related misconduct. The Department rejected the ALJ's conclusion of law and denied benefits, holding that Jorenby was not entitled to benefits because he was discharged for work-related misconduct. See SDCL 61–6–14; SDCL 61–6–14.1. The circuit court affirmed the Department's decision and Jorenby appeals raising one issue:

> Whether the circuit court erred in determining that Jorenby was terminated for work-related misconduct under SDCL 61–6–14.

## STANDARD OF REVIEW

[¶ 5.] We review administrative decisions in the same manner as the circuit court. Factual findings are overturned only if, after consideration of all the evidence, they are clearly erroneous. SDCL 1–26–36; *Abild v. Gateway 2000, Inc.*, 1996 SD 50, ¶ 6, 547 N.W.2d 556, 558 (citing *Permann v. South Dakota Dept. of Labor*, 411 N.W.2d 113, 117 (S.D.1987)). Conclusions of law and mixed questions of fact and law that require the application of a legal standard are fully reviewable. *Weeks v. Valley Bank*, 2000 SD 104, ¶ 8, 615 N.W.2d 179, 182 (citing *Schuck v. John Morrell & Co.*, 529 N.W.2d 894, 896 (S.D. 1995)). "Whether an employee's actions constitute misconduct is a question of law." *Weeks*, 2000 SD 104 at ¶ 8, 615 N.W.2d at 182 (citing *Rasmussen v. South Dakota Dept. of Labor*, 510 N.W.2d 655, 657 (S.D. 1993)).

[¶ 6.] **WHETHER THE CIRCUIT COURT ERRED IN DETERMINING THAT JORENBY WAS TERMINATED FOR WORK–RELATED MISCONDUCT UNDER SDCL 61–6–14.**

[¶ 7.] SDCL 61–6–14 provides in part that a person who is discharged for

work-related misconduct will be denied unemployment benefits.

[¶ 8.] SDCL 61–6–14.1 defines misconduct as:

(1) Failure to obey orders, rules or instructions, or failure to discharge the duties for which an individual was employed; or

(2) Substantial disregard of the employer's interests or of the employee's duties and obligations to his employer; or

(3) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee; or

(4) Carelessness or negligence of such degree or recurrence as to manifest equal culpability or wrongful intent.

However, mere inefficiency, unsatisfactory conduct, failure to perform as the result of inability or incapacity, a good faith error in judgment or discretion … is not misconduct.

Interpreting this statute, this Court has stated,

misconduct [within the meaning of the unemployment compensation statutes] is limited to conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employees, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as a result of

inability or incapacity, inadvertancies [sic] or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute.

*Weeks*, 2000 SD 104, ¶ 16, 615 N.W.2d at 184 (quoting *Raml v. Jenkins Methodist Home*, 381 N.W.2d 241, 243 (S.D.1986) (additional citations omitted)). Jorenby argues that allowing the former employee into the facility was a "good faith error in judgment or discretion" rather than misconduct.

[¶ 9.] It is undisputed that Jorenby's conduct was "work-related," therefore the only question before the Court is whether Jorenby's action was a good faith error in judgment or misconduct. Based on the plain language of the statute, Jorenby's action was misconduct. His conduct meets nearly all of the definitions of misconduct provided in SDCL 61–6–14.1.

[¶ 10.] First, Employer had a very clear rule that employees were not to allow non-employees into the facility without Employer's prior consent. SDCL 61–6–14.1(1). The record reveals no exceptions to this rule. Further, claimant concedes that he was aware of the rule. In fact, he signed a written agreement, was verbally informed of the rule and was threatened with termination for breaking the rule once before.

[¶ 11.] Second, Employer has a substantial interest in maintaining confidentiality. Employer suspects it has already gained one competitor due to leaks of information from its plant. Jorenby had a contractual duty not to allow non-employees into the facility. Jorenby disregarded both his Employer's interest in confidentiality and his own duty not to let others on the premises. SDCL 61–6–14.1(2).

[¶ 12.] Third, based on his written and verbal agreement and the warnings he received after his first infraction, Employer had a right to expect Jorenby would not walk a non-employee through the plant. Jorenby willfully disregarded Employer's interest in confidentiality. SDCL 61–6–14.1(3).

[¶ 13.] Jorenby argues on appeal that his decision to let the employee in was in good faith because 1) she had worked on the machines and 2) she had signed a confidentiality agreement. There is nothing in the record to indicate that at the time he walked her through the facility he thought about the fact that she had signed a confidentiality agreement. In fact, Jorenby conceded to the ALJ that the thought of her having signed the agreement never crossed his mind until after the fact. Furthermore, Jorenby testified that he hesitated to walk her through the facility because he knew of the rule against doing so. He made a conscious, intentional decision to do it anyway. Jorenby was fully aware of all of the information and facts necessary to make an appropriate decision. Despite this awareness, he unilaterally chose to suspend his Employer's strict mandate and his justifications for doing so are insufficient to amount to good faith.

[¶ 14.] Citing *Matter of Kotrba,* Jorenby contends that he cannot be found to have engaged in work-related misconduct because the ALJ made no finding of harm to Employer. *Matter of Kotrba,* 418 N.W.2d 313, 316 (S.D.1988). In *Kotrba,* this Court adopted a test from the Washington Supreme Court to determine the definition of "work-related misconduct." *Id.* (citing *Nelson v. Department of Employment Security,* 98 Wash.2d 370, 655 P.2d 242, 245 (1982)). The question in that case was whether actions taken on the employee's personal time could be "work-related" within the meaning of the statute.

Jorenby's reliance on *Kotrba* is therefore misplaced because there is no dispute that his conduct was work-related and the test of *Kotrba* is inapplicable.

[¶ 15.] Affirmed.

[¶ 16.] GILBERTSON, Chief Justice, and KONENKAMP, ZINTER, and MEIERHENRY, Justices, concur.